*In re* SAMUEL PAGÁN AYALA.

*Números:* AB-92-17
AB-91-55

*Resueltos:* 9 de junio de 1992

*Reina Colón de Rodríguez, Procuradora General Interina, e Iván F. Fuster, Procurador General Auxiliar.*

PER CURIAM: Tres (3) ciudadanos afectados por la conducta irresponsable de un miembro de la profesión legal invocan la jurisdicción disciplinaria de este Tribunal y la del Procurador General de Puerto Rico para que, a la luz de la facultad inherente de este Foro para reglamentar el ejercicio de la abogacía, sancionemos nuevamente la conducta del Lcdo. Samuel D. Pagán Ayala.

Tomando en consideración el historial previo de este letrado y el hecho de que su conducta ha requerido nuestra intervención en múltiples ocasiones, se decreta su suspensión indefinida del ejercicio de la profesión de abogado hasta que nos acredite fehacientemente su disposición de conducirse con la dignidad y responsabilidad que debe caracterizar a un miembro de la clase togada.

Veamos brevemente cuáles fueron los hechos que configuraron la formulación de las dos (2) querellas traídas a nuestra atención y la suspensión indefinida que hoy decretamos.

I

Por una queja presentada ante la Secretaría de este Tribunal por la Sra. María Zukowski Charuzca, el Secretario General cursó una comunicación escrita al licenciado Pagán Ayala. En la misiva solicitaba una contestación, dentro del término de diez (10) días, a la alegación de la señora Zukowski a los efectos de que había adelantado unos honorarios al abogado para que le tramitara una demanda civil por impericia profesional médica, y éste no había realizado gestión alguna a pesar de las múltiples llamadas que ella le hiciera para darle seguimiento al asunto.

Pagán Ayala no contestó ese requerimiento ni el que le hiciera la Oficina de la Procuradora General, luego de que le remitiéramos el asunto para la realización del correspondiente informe. No obstante el hecho de que en aquella oficina se le concediera un último término de diez (10) días para que ofreciera su versión sobre lo ocurrido, el licenciado Pagán Ayala ni se inmutó y el Procurador General, conforme a la advertencia que le hiciera, nos rindió su informe sin el beneficio de su comparecencia. En dicho informe el Procurador General nos solicitó que sancionáramos al licenciado, tanto por su incomparecencia en este caso como por su actitud de indiferencia en *otra querella* que se había presentado en su contra en aquella oficina.

Esta segunda querella fue presentada el 30 de mayo de 1991 por el Sr. Luis Manuel Soto Astacio y su esposa Elba M. Cruz García. Informaron en su queja que habían contratado los servicios del licenciado Pagán Ayala para que los representara en una acción de daños y perjuicios, que le habían adelantado cuatrocientos dólares ($400) y que éste

había delegado el caso en el Lcdo. Israel Pacheco Acevedo, otro abogado que trabajaba en el bufete. Una vez iniciado el pleito, el licenciado Pacheco renunció a la representación legal del matrimonio Soto Cruz y continuó ésta el licenciado Pagán Ayala. Alegaba la pareja que desde la renuncia del licenciado Pacheco no se les informaba el curso que había seguido el caso y que, a pesar de haberle solicitado la devolución del expediente del caso a Pagán Ayala, éste se negaba a entregárselo. Además, aparentemente se había mudado en varias ocasiones sin informarlo a sus clientes.

Debido a la irresponsabilidad del licenciado Pagán Ayala, alegaban los esposos Soto Cruz, el 30 de diciembre de 1991 advinieron en conocimiento de que la demanda presentada en el asunto en que el abogado les representaba había sido archivada con perjuicio por inacción del demandante.

A raíz de esta queja, el 23 de julio de 1991 el Procurador General procedió a informarle por escrito al licenciado Pagán Ayala las imputaciones hechas en su contra y a concederle diez (10) días para ofrecer su versión sobre los hechos. En apoyo a su solicitud, el Procurador General usó el caso *In re Pagán Ayala*, 115 D.P.R. 814 (1984), en el cual este Tribunal había suspendido indefinidamente al abogado de marras por no atender los reclamos de aquella oficina en el ejercicio de sus funciones disciplinarias. El abogado Pagán Ayala no contestó, aun después de que el Procurador le concediera un plazo adicional de cinco (5) días para contestar.

Así las cosas, el Procurador sometió su informe y, a la luz de éste, emitimos una resolución el 6 de marzo de 1992 en la que se concedía veinte (20) días para que compareciera a dicha oficina con apercibimiento de sanciones disciplinarias. Simultáneamente, le ordenamos que nos mostrara causa por la cual no debía ser disciplinado "en vista de su conducta reiterada de hacer caso omiso a las citaciones del Procurador General y de este foro". Resolu-

ción de 6 de marzo de 1992. Del expediente se desprende que el abogado recibió personalmente la resolución. Como en las ocasiones previas, no ha ofrecido contestación alguna. Procede su suspensión indefinida.

## II

Recientemente, en *In re Colón Torres*, 129 D.P.R. 489, 492–493 (1991), expresamos que:

> Es conocido ya, por todos los miembros de la clase togada, que la naturaleza de su función requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal [y a las del Procurador General], particularmente cuando de su conducta profesional se trata. Aunque parezca increíble, la necesidad de esta manifestación y la frecuencia con la que nuestras órdenes son desacatadas la hace imperiosa. Todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal respecto a una queja presentada en su contra que está siendo investigada. *In re Pagán Ayala*, 115 D.P.R. 814 (1984).

La similaridad entre el nombre del licenciado Pagán Ayala que apoyó nuestras expresiones y el que hoy suspendemos no es coincidencia. El letrado Samuel Pagán Ayala ha merecido amonestaciones publicadas o suspensiones por parte de este Tribunal en cuatro (4) ocasiones adicionales a la que ahora nos ocupa.

En *In re Pagán Ayala*, 109 D.P.R. 712 (1980), censuramos a este abogado por no prestar atención a las cartas que le fueron enviadas por el Procurador General y por violar los Cánones 18 y 19 de Ética Profesional, 4 L.P.R.A. Ap. IX. Ante el hecho de que en aquella ocasión los quejosos desistieron de su querella, sólo expresamos al licenciado Pagán Ayala que: "Si desde un principio hubiese atendido como era su deber sus obligaciones profesionales, hubiese evitado a los quejosos las molestias que sin duda incurrieron y hubiese evitado a la oficina del Procurador General y a este Tribunal tener que distraer de nuestro ocupado tiempo

para atender lo que parece haber sido una bien fundada queja." *In re Pagán Ayala,* supra, pág. 714 . Ordenamos que se uniera una copia de la opinión al expediente del letrado.

Posteriormente, en 1984, su conducta fue traída ante nuestra atención nuevamente en dos (2) ocasiones separadas.

Mediante opinión *per curiam,* el 16 de mayo de 1984 suspendimos indefinidamente al licenciado Pagán Ayala del ejercicio de la profesión de abogado por no haber hecho caso a los requerimientos que le hiciéramos a raíz de una querella donde se le imputaba haber retenido unos honorarios pagados por adelantado. Después de una moción de reconsideración por él presentada, ordenamos su reinstalación con efectividad al 1ro de agosto de 1984, pero remitimos los méritos del asunto, o sea la retención de honorarios sin hacer la gestión acordada con el cliente, a la Oficina del Procurador General.([1])

Su conducta en aquella ocasión generó nuestra opinión en *In re Pagán Ayala,* 117 D.P.R. 180 (1986). Allí establecimos que nuestro ordenamiento ético no impide que un abogado que haya incurrido en mala práctica profesional indemnice extrajudicialmente a su cliente. Resolvimos, sin embargo, que dicha indemnización no podrá subordinarse a que el cliente no presente la correspondiente querella disciplinaria. En ese caso Pagán Ayala indemnizó extrajudicialmente a sus clientes pero en la estipulación sujetó dicha indemnización a que no se procediese éticamente en su contra.

Con la salvedad antes aludida, aprobamos la estipulación y dictamos la correspondiente sentencia.

Hoy, cinco (5) años después de su último incidente dis-

---

([1]) Fue suspendido nuevamente mediante opinión *per curiam* de 26 de noviembre de 1984. Aunque parezca increíble, su suspensión se debió nuevamente a la falta de diligencia y completa actitud de indiferencia en cuanto a los requerimientos hechos por este Tribunal y por la Oficina del Procurador General.

ciplinario, la irresponsabilidad, negligencia y total desobediencia del licenciado Pagán Ayala a las órdenes de este Foro y de la Oficina del Procurador General requieren nuestra intervención y la correspondiente pérdida de tiempo y esfuerzo.

La paciencia de este Tribunal con el licenciado Pagán Ayala se ha consumido en su totalidad. Su actitud de indiferencia y menosprecio a la autoridad del Tribunal Supremo merecen su suspensión indefinida con el apercibimiento de que no estaremos dispuestos a decretar su reinstalación hasta que nos acredite fehacientemente una intención de responder diligentemente a las necesidades de sus clientes y a nuestras órdenes. En esta ocasión, a diferencia de las situaciones previas, seremos mucho más severos al evaluar su capacidad para reingresar al ejercicio de la abogacía. El licenciado Pagán Ayala ha demostrado una actitud abusiva de privilegio de pertenecer a la clase togada del país que no admite sanción alterna.

*Se decreta la suspensión indefinida del licenciado Samuel Pagán Ayala y se ordena al Alguacil General que se incaute de su obra notarial.*