per curiam:
El Ledo. Sergio de Hoyos Beauchamp fue admitido al ejercicio de la abogacía el 30 de enero de 2001 y a la notaría el 1 de marzo de 2001.
En octubre de 2006, la Oficina de Inspección de Notarías (ODIN) nos refirió un informe en el cual nos señaló que el licenciado De Hoyos Beauchamp adeuda índices mensuales desde abril de 2006; que los índices notariales correspondientes a los meses de enero, febrero y marzo de 2006 fueron presentados desde Miami, Florida, conforme se desprende del matasellos, y que éste no había designado un notario sustituto. Informa, además, que el 28 de abril de 2006, ODIN le cursó una comunicación al licenciado De Hoyos Beauchamp para que atendiera el asunto relacionado a la expedición de una copia certificada de una escritura otorgada por él, solicitada por el Ledo. Rafael A. Ramos Sáenz, quien había hecho varias gestiones para comunicarse con el licenciado de Hoyos, todas ellas infructuosas. Esta comunicación, enviada por correo certi *124 ficado con acuse de recibo, fue devuelta a ODIN por el servicio de correos.
En su informe, ODIN indica que la conducta antes mencionada constituye un incumplimiento con la obligación de todo notario de rendir índices mensuales, de acuerdo con el Art. 12 de la Ley Notarial de Puerto Rico (Ley Notarial), 4 L.P.R.A. sec. 2023. In re Montañez Miranda, 158 D.P.R. 738 (2003); In re Sáez Burgos, 160 D.P.R. Ap. (2004). Además, que todo notario tiene la obligación de notificar al Tribunal Supremo y a ODIN cualquier cambio en su dirección postal física, tanto de residencia como de oficina.
El 17 de noviembre de 2006 le concedimos un término de veinte días al licenciado de Hoyos Beauchamp para que se expresara sobre el Informe sometido por ODIN. En dicha Resolución le advertimos al notario que incumplir con nuestros requerimientos podría conllevar severas sanciones, incluso la separación del ejercicio de la profesión. Esta Resolución fue notificada personalmente al licenciado de Hoyos Beauchamp el 5 de diciembre de 2006 por la Oficina del Alguacil del Tribunal Supremo.
El licenciado de Hoyos Beauchamp no ha comparecido ni ha solicitado prórroga para comparecer.
I
El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar para con los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer, máxime cuando de conducta profesional se trata. In re García Baliñas, 167 D.P.R. 125 (2006); In re Pagán Ayala, 130 D.P.R. 678, 681 (1992).
Hemos señalado reiteradamente que desatender *125 las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX. In re Maldonado Rivera, 147 D.P.R. 380 (1999). Nos parece sorprendente que, luego del esfuerzo que conlleva la carrera de abogacía, se desatiendan las órdenes de este Tribunal a sabiendas que al así hacerlo se pone en peligro el título que se tiene.
También hemos manifestado en el pasado que la ' obligación de rendir índices notariales mensuales y notificar el cambio de dirección surge de los Arts. 7 y 12 de la Ley Notarial, 4 L.P.R.A. sees. 2011 y 2023, de las Reglas 11 y 12 del Reglamento Notarial de Puerto Rico, y de la Regla 13 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A. La omisión de rendir índices notariales es una falta grave a los deberes que le impone al notario la investidura de la fe pública notarial. Esta conducta es reprensible y merece la aplicación rigurosa de sanciones disciplinarias. In re García Baliñas, ante; In re Sáez Burgos, ante.
El notariado es una profesión que requiere dedicación, esfuerzo, cuidado y diligencia, por lo que se debe ejercer con el mayor grado de responsabilidad y rigurosidad. Quien no esté dispuesto a ejercerla con tal dedicación no puede fungir como notario.
II
El licenciado de Hoyos Beauchamp ha demostrado total desprecio por las órdenes de este Tribunal, así como con las disposiciones de la Ley Notarial. Su actitud de displicencia para con este Tribunal no le hacen digno de continuar desempeñando el ministerio que ostenta como miembro de la profesión legal. Es evidente, según se desprende se sus acciones, que no tiene interés alguno en continuar ejerciendo la profesión.
Por los fundamentos antes expresados, ordenamos la separación inmediata e indefinida del ejercicio de la aboga *126 cía del licenciado Sergio de Hoyos Beauchamp, a partir de la notificación de la presente Opinión Per Curiara. Le imponemos al licenciado de Hoyos Beauchamp el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta días, contados a partir de la notificación de esta opinión per curiara, el cumplimento de estos deberes.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Fuster Berlingeri no intervino.