EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> James G. McLaughlin Torres | 2007 TSPR 209 <br><br> 172 DPR _____ |

Número del Caso: AB-2006-28
         Cons. AB-2006-326


Fecha: 8 de noviembre de 2007


 Oficina del Procurador General:

                        Lcda. Noemí Rivera De León
                        Procuradora General Auxiliar

                        Lcda. Minnie H. Rodríguez López
                        Procuradora General Auxiliar


 Colegio de Abogados de Puerto Rico:


                        Lcda. María de Lourdes Rodríguez
                        Oficial Investigadora


Materia: Conducta Profesional
         (La suspensión será efectiva el 27 de noviembre de
          2007 fecha en que se le notificó al abogado de su
          suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

James G. McLaughlin Torres

AB-2006-28
AB-2006-326        Queja

PER CURIAM

San Juan, Puerto Rico, a 8 de noviembre de 2007.

El licenciado James McLaughlin Torres (en adelante, el McLaughlin Torres) fue admitido al ejercicio de la abogacía el 23 de agosto de 1989 y al ejercicio de la notaría el 8 de agosto de 1990.

I

Se presentaron dos quejas formales en contra de McLaughlin Torres por alegada negligencia en el desempeño de sus funciones. Una de ellas fue presentada ante la oficina del Procurador General y la otra ante el Colegio de Abogados de Puerto Rico. En ambos casos, y a pesar de los múltiples requerimientos cursados por el Procurador General y por la Comisión de Ética del Colegio de Abogados,

McLaughlin Torres no compareció a contestar las referidas quejas.

El 4 de abril de 2006 y el 16 de diciembre del mismo año, bajo apercibimiento de suspensión del ejercicio de la profesión, se le concedió un término de diez (10) días a McLaughlin Torres para contestar los requerimientos cursados por el Procurador General y la Comisión de Ética del Colegio de Abogados. Ambas Resoluciones se le notificaron a McLaughlin Torres mediante entrega personal por un alguacil de este Tribunal.

El 17 de julio de 2007, el Procurador General presentó ante nos una Moción Informativa en la cual expone que al presente no ha recibido comunicación alguna de McLaughlin Torres. De igual forma, el 20 de julio de 2007 la Comisión de Ética del Colegio de Abogados hizo constar que McLaughlin Torres no ha contestado la queja pendiente ante dicho foro.

En vista de lo anterior, procedemos a resolver este asunto sin ulterior trámite.

II

Es norma reiterada que todo abogado debe responder con diligencia a los requerimientos y órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre una querella disciplinaria. Anteriormente hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado desatiende los requerimientos formulados por este Tribunal y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones. In re Lloréns Sar, res. 5 de febrero de 2007, 2007 TSPR 31; In re Pagán Ayala,

130 D.P.R. 678 (1992). Tal incumplimiento constituye una falta separada e independiente de la que motivó la queja. Id.

En el caso de autos, McLaughlin Torres ha hecho caso omiso a nuestras Resoluciones ordenándole comparecer ante el Procurador General y ante la Comisión de Ética del Colegio de Abogados. Asimismo, se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias. Tal conducta constituye un patrón de desidia y refleja falta de interés en continuar ejerciendo la profesión. En vista de ello, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Se le impone a McLaughlin Torres el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal debe incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

|                          | AB-2006-28  |       |
|--------------------------|-------------|-------|
| James McLaughlin Torres  | AB-2006-326 | Queja |

SENTENCIA

San Juan, Puerto Rico, a 8 de noviembre de 2007.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se le suspende inmediata e indefinidamente a James G. McLaughlin Torres del ejercicio de la abogacía y la notaría.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López y la Juez Asociada señora Rodríguez Rodríguez no intervinieron.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo