per curiam:
El Ledo. James McLaughlin Torres (McLaughlin Torres) fue admitido al ejercicio de la aboga-cía el 23 de agosto de 1989 y al ejercicio de la notaría el 8 de agosto de 1990.
*521 HH
Se presentaron dos quejas formales contra McLaughlin Torres por alegada negligencia en el desempeño de sus funciones. Una de ellas fue presentada ante la oficina del Procurador General y la otra ante el Colegio de Abogados de Puerto Rico. En ambos casos, y a pesar de los múltiples requerimientos cursados por el Procurador General y por la Comisión de Ética del Colegio de Abogados, McLaughlin Torres no compareció a contestar las referidas quejas.
El 4 de abril de 2006 y el 16 de diciembre del mismo año, bajo apercibimiento de suspensión del ejercicio de la profesión, se le concedió un término de diez días a McLaughlin Torres para contestar los requerimientos cursados por el Procurador General y por la Comisión de Ética del Cole-gio de Abogados. Ambas Resoluciones se le notificaron a McLaughlin Torres personalmente por un alguacil de este Tribunal.
El 17 de julio de 2007, el Procurador General presentó ante nos una Moción Informativa, en la cual expone que al presente no ha recibido comunicación alguna de McLaughlin Torres. De igual forma, el 20 de julio de 2007 la Comi-sión de Ética del Colegio de Abogados de Puerto Rico hizo constar que McLaughlin Torres no ha contestado la queja pendiente ante dicho foro.
En vista de lo anterior, procedemos a resolver este asunto sin ulterior trámite.
f — I I — i
Es norma reiterada que todo abogado debe responder con diligencia a los requerimientos y a las órdenes de este Tribunal, particularmente cuando se trata de procedimien-tos sobre una querella disciplinaria. Hemos señalado que procede la suspensión del ejercicio de la abogacía cuando *522 un abogado desatiende los requerimientos formulados por este Tribunal y se muestra indiferente ante nuestros aper-cibimientos de imponerle sanciones. In re Lloréns Sar, 170 D.P.R. 198 (2007); In re Pagán Ayala, 130 D.P.R. 678 (1992). Tal incumplimiento constituye una falta separada e independiente de la que motivó la queja. Id.
En el caso de autos, McLaughlin Torres ha hecho caso omiso a nuestras Resoluciones, que le ordenan comparecer ante el Procurador General y ante la Comisión de Etica del Colegio de Abogados de Puerto Rico. Asimismo, se ha mos-trado indiferente ante nuestro apercibimiento de impo-nerle sanciones disciplinarias. Tal conducta constituye un patrón de desidia y refleja falta de interés en continuar ejerciendo la profesión. En vista de ello, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría.
Se le impone a McLaughlin Torres el deber de notificar a todos sus clientes de su inhabilidad para continuar re-presentándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión per curiam y Sentencia.
Finalmente, el Alguacil de este Tribunal debe incau-tarse de la obra y del sello notarial del abogado suspendido y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

El Juez Asociado Señor Rebollo López y la Juez Aso-ciada Señora Rodríguez Rodríguez no intervinieron.