EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Benjamín Acevedo Defilló | 2008 TSPR 14 173 DPR \_\_\_\_ |

Número del Caso: TS-2028

Fecha: 15 de enero de 2008

Colegio de Abogados de Puerto Rico:

Lcdo. José M. Montalvo Trías
Director Ejecutivo

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                            TS-2028

Benjamín Acevedo Defilló

PER CURIAM

San Juan, Puerto Rico, a 15 de enero de 2008

I

El licenciado Benjamín Acevedo Defilló fue admitido al ejercicio de la profesión legal el 9 de marzo de 1961.

El 20 de julio de 2007, el Colegio de Abogados nos notificó que el licenciado Acevedo Defilló no había satisfecho las cuotas de colegiación del Colegio de Abogados, para los años 2006 y 2007 adeudando la cantidad de $225. Ello, en contravención con lo establecido en la Ley Núm. 43 de 14 de mayo de 1932, según enmendada, 4 L.P.R.A. secs. 771 ss.

El 10 de septiembre de 2007 emitimos una Resolución dirigida al licenciado Acevedo Defilló para que mostrara causa por la cual no debíamos suspenderle del ejercicio de la profesión por no haber cumplido con su obligación de pagar la cuota de colegiación. En la Resolución se le concedió un término de veinte (20) días para que compareciera. El licenciado Acevedo Defilló no compareció ni solicitó término para comparecer.

El 23 de octubre de 2007 dictamos una nueva Resolución para que Acevedo Defilló cumpliera con la orden del 10 de septiembre. A esos efectos le concedimos un término final de diez (10) días. Esta orden le fue notificada personalmente al licenciado Acevedo Defilló el 31 de octubre de 2007. En la Resolución emitida se le apercibió de que su incumplimiento con los términos de la Resolución podría conllevar la suspensión inmediata del ejercicio de la abogacía. No obstante, éste no compareció ni solicitó término para comparecer.

II

El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar para con los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, o de cualquier foro al que se encuentre obligado a comparecer. *In re Moisés García Baliñas*, res 9 de febrero de 2006, 16 D.P.R. ___, 20006 TSPR ___; *In re Pagán Ayala*, 130 D.P.R. 678, 681.

Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX. *In re Maldonado Rivera*, 147

D.P.R. 380 (1999). Nos parece sorprendente que, luego del esfuerzo que conlleva la carrera de abogacía, se desatiendan las órdenes de este Tribunal, a sabiendas poniendo en peligro el título que se ostenta.

### III

El licenciado Acevedo Defilló ha demostrado total desprecio por las órdenes de este Tribunal. Su actitud de displicencia para con este Tribunal no le hacen digno de continuar desempeñando el ministerio que ostenta como miembro de la profesión legal. Es evidente según se desprende se sus acciones, que no tiene interés alguno en continuar ejerciendo la profesión.

Por los fundamentos antes expresados ordenamos la separación inmediata e indefinida del ejercicio de la abogacía del licenciado Benjamín Acevedo Defilló, a partir de la notificación de la presente Opinión *Per Curiam*.

Le imponemos al licenciado Acevedo Defilló el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimento de estos deberes.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:                                TS-2028

Benjamín Acevedo Defilló


SENTENCIA

San Juan, Puerto Rico, a 15 de enero de 2008

Por los fundamentos antes expresados en la Opinión Per Curiam que antecede, ordenamos la separación inmediata e indefinida del ejercicio de la abogacía del licenciado Benjamín Acevedo Defilló, a partir de la notificación de la presente Opinión *Per Curiam*.

Le imponemos al licenciado Acevedo Defilló el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimento de estos deberes.

Se ordena a su vez que esta Opinión Per Curiam y Sentencia sea notificada personalmente al licenciado Acevedo Defilló por la Oficina del Alguacil de este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo