PER CURIAM:
*1007 I
El pasado 8 de noviembre de 2005 se presentó en la Secretaría de este Tribunal una queja contra el Ledo. Francisco Rádinson Caraballo, quien fuera admitido al ejercicio de la abogacía el 18 de enero de 1996. El 23 de noviembre de 2005, la Secretaría del Tribunal Supremo le envió una carta a Rádinson Caraballo para informarle que se había presentado en el Tribunal una queja en su contra y reque-rirle que compareciera dentro del término de diez días para contestar la queja referida.
Tras concederle varias prórrogas, Rádinson Caraballo contestó la queja presentada en su contra, la cual fue refe-rida a la Oficina de Inspección de Notarías (ODIN) para la investigación e informe correspondientes, en cumplimiento con la Regla 14(d) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A.
Posteriormente, el 7 de mayo de 2007 ODIN le requirió a Rádinson Caraballo, en un término de diez días, la en-trega de varios documentos esenciales para la investigación. Trascurrido el término de diez días, la Direc-tora de ODIN compareció ante nos para informamos que Rádinson Caraballo no había sometido la información solicitada.
En vista de ello, el 4 de septiembre de 2007 le remitimos a Rádinson Caraballo una Resolución mediante la cual se le concedió un término adicional de veinte días para some-ter la información requerida por ODIN. En esa ocasión se le advirtió que el incumplimiento con lo ordenado podía conllevar sanciones severas, incluso la suspensión de la profesión. Esta Resolución fue notificada vía telefónica a Rádinson Caraballo, quien nos indicó que se la entregára-mos a su secretaria, la Sra. Awilda Molina. No obstante, Rádinson Caraballo no compareció dentro del término provisto.
En vista de lo anterior, procedemos a resolver sin trá-mite ulterior.
*1008 r — i h-1
Resulta verdaderamente increíble que, luego del es-fuerzo que conlleva la carrera de la abogacía, se desatien-dan las órdenes de este Tribunal a sabiendas de que al así hacerlo se pone en peligro el título obtenido. In re Jiménez Román, 172 D.RR. 485 (2007).
Reiteradamente hemos señalado que todo abogado tiene la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Igualmente, hemos sido enérgicos al señalar que “la natu-raleza y práctica de la abogacía requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, parti-cularmente en la esfera de la conducta profesional”. (Énfa-sis en el original.) In re Rivera Colón, 172 D.P.R. 340, 343 (2007). A tono con lo anterior, hemos resuelto que procede la suspensión del ejercicio de la abogacía cuando un abo-gado no atiende diligentemente nuestros requerimientos y se muestra indiferente ante los apercibimientos de sancio-nes disciplinarias. In re Rosado Ramos, 172 D.P.R. 400 (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007). Dicha conducta constituye una falta separada e independiente de la que motivó la queja. In re Pagán Ayala, 130 D.P.R. 678 (1992). No cabe duda de que dicho proceder constituye un acto contumaz de indisciplina y una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. EX, relativo a la exigencia de respecto hacia los tribunales.
I-H H-1 í — I
En el caso de autos, Rádinson Caraballo incumplió con el ineludible deber de responder prontamente a los reque-rimientos de este Tribunal. Tal como surge de los hechos expuestos, nuestra Resolución le fue notificada desde sep-tiembre vía telefónica y por escrito para que cumpliera con *1009 las órdenes emitidas por ODIN. No obstante, aún hoy Rá-dinson Caraballo no ha comparecido.
Sin duda, éste se ha mostrado reacio ante nuestras ór-denes aun cuando fue apercibido de que su incumplimiento conllevaría la imposición de sanciones disciplinarias severas. La conducta desplegada por Rádinson Caraballo refleja desidia, indiferencia y falta de respeto a nuestras órdenes, todo ello en contravención del Canon 9 del Código de Etica Profesional, supra, y a los postulados éticos más elementales que rigen el ejercicio de la profesión. Precisa-mente, son esas las actitudes y el proceder que enfática-mente hemos rechazado de todo miembro de la profesión legal.
Conforme a lo anterior, se suspende inmediata e indefi-nidamente del ejercicio de la abogacía y la notaría a Rádin-son Caraballo. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representán-dolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Ade-más, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del tér-mino de treinta días a partir de la notificación de esta opi-nión per curiam y Sentencia.
Por último, el Alguacil de este Tribunal debe incautar la obra y el sello notarial del abogado suspendido y entregar-los a la Directora de ODIN para la correspondiente inves-tigación e informe.

Se dictará Sentencia de conformidad.