PER CURIAM:
i-I
El Ledo. Neddie Feliciano Jiménez fue admitido al ejer-cicio de la abogacía el 1 de noviembre de 1978 y al ejercicio del notariado el 5 de diciembre de 1978.
El 9 de julio de 2007, el Colegio de Abogados de Puerto Rico presentó ante este Tribunal una moción informativa en la que señaló que el notario Feliciano Jiménez tenía al descubierto el pago de la fianza notarial, la cual había ven-cido en noviembre de 2006. El 17 de julio de 2007 emitimos una resolución en la cual le concedimos un término de veinte días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría, en vista de que tiene al descubierto la prima de su fianza notarial. Se le apercibió de que su incumplimiento con los términos de la Resolución podrían dar base a su separación de la notaría, así como a sanciones disciplinarias adicionales. El licen-ciado Feliciano hizo caso omiso de nuestra resolución.
El 20 de julio de 2007, el Colegio de Abogados presentó una nueva moción en la que informó que el licenciado Fe-liciano no había pagado su cuota anual de colegiación. En septiembre de 2007 emitimos una resolución mediante la cual le concedimos un término para que se expresara sobre por qué no debíamos suspenderlo del ejercicio de la abogacía. Le apercibimos también de que su incumpli-miento conllevaría la suspensión automática del ejercicio de la abogacía. El 27 de septiembre de 2007, el Colegio presentó una moción en la que informó que el licenciado Feliciano había pagado su cuota atrasada y que desistía de su petición.
El 31 de octubre de 2007 emitimos una nueva resolución en la cual le concedimos un término final de diez días para que cumpliera con lo ordenado en la Resolución de 17 de julio de 2007. La resolución apercibía de que el incumpli- *832 miento con sus términos acarrearía la suspensión automá-tica del ejercicio de la abogacía. Esta resolución le fue no-tificada personalmente al licenciado Feliciano Jiménez el 30 de enero de 2008. El licenciado Feliciano no ha compa-recido ni ha solicitado una prórroga para comparecer.
Pendiente este asunto ante nuestra consideración, el 5 de mayo de 2008 el Colegio de Abogados nos notificó una moción informativa en la que expuso que el licenciado Fe-liciano Jiménez había pagado la fianza notarial el 2 de mayo. No obstante, éste no ha comparecido ante nosotros conforme le ordenamos el 17 de julio de 2007, haciendo caso omiso a la orden que a esos efectos emitimos.
I — I H-i
El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer. Máxime cuando se trata de conducta profesional. In re García Baliñas, 167 D.P.R. 125 (2006); In re Pagán Ayala, 130 D.P.R. 678, 681 (1981).
Hemos señalado reiteradamente que desatender las ór-denes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el citado Canon 9. In re Maídonado Rivera, 147 D.P.R. 380 (1999). Nos parece sorprendente que, luego del esfuerzo que conlleva la carrera de abogacía, se desatiendan las órdenes de este Tribunal a sabiendas, poniendo' en peligro el título que se ostenta.
El licenciado Feliciano Jiménez ha demostrado un total desprecio por las órdenes de este Tribunal. Su actitud de displicencia hacia este Tribunal no le hacen digno de con-tinuar desempeñando el ministerio que ostenta como miembro de la profesión legal. Es evidente, según se dedu- *833 cede de sus acciones, que no tiene interés alguno en conti-nuar ejerciendo la profesión.
Por los fundamentos antes expresados, ordenamos la se-paración inmediata e indefinida del ejercicio de la aboga-cía del Ledo. Neddie Feliciano Jiménez, a partir de la no-tificación de este aper curiam”. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibi-dos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos, dentro del término de treinta días, contados a partir de la fecha de notificación de este “per curiam”, el cumplimento de estos deberes.

Se dictará sentencia de conformidad.