per curiam:
El Lie. Miguel A. Laborde Freyre fue admi-tido al ejercicio de la abogacía el 30 de noviembre de 1982 y al ejercicio de la notaría el 31 de enero de 1983. El 13 de febrero de 1998, mediante una opinión per curiam, le sus-pendimos indefinidamente del ejercicio de la abogacía por su reiterado incumplimiento con nuestras órdenes. El 27 de marzo de 1998, mediante resolución a esos efectos, le reinstalamos a la abogacía al cumplir con lo que se le había ordenado.
El 12 de julio de 1999 emitimos una opinión per curiam en la que le censuramos por la conducta desplegada du-rante la tramitación de un pleito de daños y perjuicios. Le apercibimos que en el futuro debía ser más diligente en la defensa de los intereses de su cliente y evitar entablar plei-tos viciosos, de lo contrario se expondría a unas más seve-ras sanciones.
El 4 de mayo de 2001 separamos nuevamente al licen-ciado Laborde Freyre del ejercicio de la abogacía por in-cumplir, de forma reiterada, con las órdenes de este Tribunal. Le ordenamos al Alguacil del Tribunal que se incautara de su obra notarial. El 7 de junio emitimos una resolución en la que le reinstalamos al ejercicio de la abo-gacía, mas no así al ejercicio de la notaría.
El 8 de octubre de 2001 la Oficina de Inspección de No-tarías (ODIN) nos rindió su informe sobre la obra notarial incautada al licenciado Laborde Freyre. Del informe some-tido se desprendían innumerables faltas en la obra notarial, algunas de las cuales podían viciar de nulidad los ins-trumentos otorgados. El 31 de octubre de 2001 ordenamos al licenciado Laborde Freyre a que subsanara las delicien- *756 cias encontradas en su obra notarial y mantuviese infor-mado a este Tribunal de sus gestiones.
El 27 de junio de 2003 el licenciado Laborde Freyre fue objeto, nuevamente, de sanciones disciplinarias. En esa fe-cha, emitimos una opinión per curiam en la que le suspen-díamos del ejercicio de la profesión legal por el término de dos meses, luego de concluir que éste había infringido los Cánones 18 y 19 de Ética Profesional, 4 L.P.R.A. Ap. IX. El 23 de enero de 2004 le reinstalamos al ejercicio de la abogacía.
El 11 de octubre de 2006 la ODIN presentó una moción informativa sobre la obra notarial incautada del licenciado Laborde Freyre, en la cual nos indicaba que éste había subsanado algunas deficiencias, mas otras permanecían sin corregir. El 17 de noviembre de 2006 le concedimos un término de cuarenta y cinco días para subsanar las defi-ciencias señaladas por ODIN en su informe del 10 de octubre. El 7 de enero de 2007 el licenciado Laborde Freyre presentó una moción en cumplimiento de orden ante este Tribunal, en la cual nos informó que había subsanado al-gunas deficiencias y que se encontraba en el proceso de de subsanar las restantes. Nos solicitó un término adicional para ello. En respuesta a su petición, le concedimos un término de sesenta días para concluir su trabajo de rectifi-cación de deficiencias.
El 14 de mayo de 2007, habiendo transcurrido el tér-mino concedido sin que éste compareciera a informarnos el estatus de sus gestiones, le concedimos un término de quince días para que nos informara las gestiones realiza-das para cumplir con nuestra Resolución de 9 de febrero de 2007. Esta resolución le fue notificada personalmente el 6 de junio de 2007. El 21 de junio, el licenciado Laborde Freyre compareció ante este Tribunal con una escueta mo-ción en la cual nos informó que continuaba trabajando en la rectificación de las deficiencias y ofreció un sinnúmero de excusas para su incumplimiento. El 29 de junio de 2007 se le concedió un término de cuarenta y cinco días para *757 concluir su labor. Esta resolución también le fue notificada personalmente.
Ante el incumplimiento con nuestra orden, el 9 de mayo de 2008 emitimos una nueva resolución concediéndole un término final de veinte días para cumplir con nuestra Re-solución del 9 de febrero de 2007. En esta resolución le apercibimos que su incumplimiento con ésta conllevaría la suspensión automática del ejercicio de la abogacía. La re-solución le fue notificada personalmente.
El 25 de junio de 2008 el licenciado Laborde Freyre com-pareció ante este Tribunal mediante una moción informa-tiva y solicitud de reconsideración en la que informa, “[c]on mucha tristeza”, que no ha cumplido con la Resolución de 9 de febrero de 2007. Vista la moción del licenciado Laborde Freyre, le concedimos un término a la ODIN para que se expresara sobre ésta. En su respuesta, ODIN nos informa lo siguiente: “el licenciado Laborde no se ha comunicado ni ha efectuado corrección alguna, por lo que permanecen sin aprobación los protocolos para los años 1991 al 1997 y el libro del Registro de Testimonios .... La obra notarial del licenciado Laborde permanece con las mismas deficiencias originalmente señaladas”. (Enfasis nuestro.) Moción en cumplimiento de orden, 1 de diciembre de 2008.
Por otro lado, el expediente personal del licenciado La-borde Freyre está plagado de innumerables otras órdenes que le hemos tenido que notificar ante su incumplimiento continuo con el pago de la fianza notarial, así como con la cuota de colegiación compulsoria.
I
 Este Tribunal ha sido en extremo paciente y tole-rante con el licenciado Laborde Freyre, según se desprende del recuento antes reseñado. Su comportamiento a través de los años demuestra su total menosprecio para con las órdenes de este Tribunal. No hay que recordarle, ni a él ni a ningún miembro de la clase togada, lo que ya en tantas *758 ocasiones hemos advertido, en el sentido de que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de im-ponerle sanciones disciplinarias. In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007).
Hemos señalado insistentemente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional. 4 L.P.R.A. Ap. IX. In re Maldonado Rivera, 147 D.P.R. 380 (1999). El Canon 9 del Código de Ética Profesional, supra, dispone que todo abogado deberá observar para con los tribunales urna conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer. In re Pagán Ayala, 130 D.P.R. 678, 681. Nos parece sorprendente que luego del esfuerzo que conlleva la carrera de abogacía se desatiendan nuestras órdenes a sabiendas de que se pone en peligro el título que se ostenta.
No albergamos duda alguna de que el licenciado La-borde Freire es indigno de continuar ejerciendo el ministe-rio que es la profesión de abogacía. Su reiterado incumpli-miento con lo ordenado es la mejor evidencia de que no le interesa, ni es merecedor, de continuar desempeñándose como abogado.
Por los fundamentos antes expresados, ordenamos la se-paración inmediata e indefinida del ejercicio de la abogacía del Lie. Miguel A. Laborde Freyre a partir de la notifica-ción de la presente opinión per curiam.
Imponemos al licenciado Laborde Freyre el deber de no-tificar a todos sus clientes de su inhabilidad de seguir re-presentándoles, de devolver cualesquiera honorarios reci-bidos por trabajo no realizados e informar oportunamente de su suspensión a los foros judiciales y administra- *759 tivos del país. Además, deberá certificarnos dentro del tér-mino de treinta días, contados a partir de la notificación de esta opinión per curiam, el cumplimento de estos deberes.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rivera Pérez se inhibió.