

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Antonio J. Aponte Sánchez | 2010 TSPR 52 <br><br> 178 DPR \_\_\_\_ |

Número del Caso: TS-12110

Fecha: 12 de abril de 2010

Oficina de Inspección de Notarías:

     Lcda. Lourdes Quintana Llorens

Materia: Conducta Profesional
    (La suspensión será efectiva el 22 de abril de    2010,
    Fecha en que se le notificó al abogado de su s    uspensión
    Inmediata).

Este documento constituye un documento oficial del    Tribunal Supremo que está sujeto a los cambios y correccione    s del proceso de compilación y publicación oficial de las decisio    nes del Tribunal. Su distribución electrónica se hace como    un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                              TS-12110

Antonio J. Aponte Sánchez


PER CURIAM

En San Juan, Puerto Rico, a 12 de abril de 2010.

                           I

El Lcdo. Antonio J. Aponte Sánchez fue admitido al ejercicio de la abogacía el 21 de enero de 1998 y a la notaría el 28 de mayo de 1999.

El 1 de abril de 2008, la Directora de la Oficina de Inspección de Notarías (ODIN) nos informó que el licenciado Aponte Sánchez había notificado el hurto de su Registro de Testimonios. La ODIN informó al licenciado Aponte Sánchez el procedimiento a seguir para atender esta situación. En otra comparecencia, ODIN nos indicó que, transcurridos cinco (5) años, el notario no había

realizado gestión alguna para corregir la situación y que el notario adeudaba varios índices notariales.

Tras varios incidentes, el 9 de marzo de 2009, ODIN solicitó medidas urgentes ante las deficiencias encontradas en la obra notarial del licenciado Aponte Sánchez. Las deficiencias informadas fueron: (1) la ausencia de sellos de asistencia legal en el Registro de Testimonios para 2,010 asientos; (2) la omisión de la firma del notario en 1,840 asientos; (3) la falta de entrada de 140 testimonios; y (4) el incumplimiento con la radicación de índices notariales desde julio de 2008.

Además, ODIN contaba con la queja de otro notario que solicitaba la copia certificada de una escritura pública de la obra notarial del licenciado Aponte Sánchez que no había podido conseguir y que necesitaba para corregir un defecto en el Registro de la Propiedad. Para este asunto, ODIN trató de comunicarse con el licenciado Aponte Sánchez sin obtener la atención de su parte.

El 1 de mayo de 2009, este Tribunal emitió una resolución ordenándole al licenciado Aponte Sánchez que en 20 días corrigiera las deficiencias señaladas. En dicha resolución, le ordenamos mostrar causa por la cual no debía ser suspendido indefinidamente del ejercicio de la abogacía y notaría. Transcurrido dicho plazo, ODIN nos notificó que el notario no había cumplido con nuestra orden.

El 25 de junio de 2009, el licenciado Aponte Sánchez presentó una solicitud de medidas urgentes y orden. En ella, el licenciado informó que quedaba pendiente la reconstrucción de su obra notarial y solicitó que se le permitiera renunciar voluntariamente al ejercicio de la notaría.

El 2 de septiembre de 2009, ODIN nos remitió un informe sobre el estado de la obra notarial del licenciado Aponte Sánchez en la que indicó que, transcurridos 6 años, el notario ha sido incapaz de reconstruir el Registro de Testimonios.

II

Reiteradamente, hemos enfatizado el deber que tiene todo abogado de responder con diligencia a los requerimientos y órdenes de este Tribunal. In re Cubero Feliciano I, res. el 7 de abril de 2009, 2009 T.S.P.R. 81, 2009, J.T.S. 84, 175 D.P.R. __ (2009). Este deber es más importante cuando se trata de procedimientos sobre su conducta profesional. In re Cubero Feliciano I, supra. Un abogado debe reconocer que la naturaleza de su función requiere una escrupulosa atención y obediencia de nuestras órdenes. In re Pagán Ayala, 130 D.P.R. 678 (1992).

Un abogado puede ser suspendido del ejercicio de la profesión cuando no atiende con diligencia y premura los requerimientos de este Tribunal. In re Cubero Feliciano I, supra. Proceden sanciones disciplinarias contra un

abogado que se muestre indiferente ante nuestros apercibimientos y requerimientos. In re Rullán Castillo, 170 D.P.R. 1009; In re Serrano Mangual, 164 D.P.R. 659 (2005).

III

Nos resulta inaceptable el proceder del licenciado Aponte Sánchez en la reconstrucción de su Registro de Testimonios. El licenciado informó el hurto del Registro de Testimonios el 15 de septiembre de 2003. Pasados cinco años sin que el licenciado hiciera gestión alguna para corregirlo, ODIN acudió a esta Curia. El 15 de mayo de 2008, este Tribunal le ordenó al licenciado Aponte Sánchez que contestara el informe de ODIN. Ante su incumplimiento, emitimos otra orden concediéndole 10 días improrrogables.

El 8 de julio de 2008, el licenciado Aponte Sánchez informó que había reconstruido su Registro de Testimonios. Sin embargo, surge del informe posterior de ODIN que esto no es cierto. El 1 de mayo de 2009, ordenamos al licenciado Aponte Sánchez que en 20 días subsanara las deficiencias señaladas por ODIN y que mostrara causa por la cual no debía ser suspendido indefinidamente del ejercicio de la abogacía y notaría. Nuevamente, el notario incumplió con nuestra orden.

Surge del informe de ODIN del 2 de septiembre de 2009, que el licenciado Aponte Sánchez no ha corregido

las deficiencias señaladas. Tampoco se ha expresado al respecto.

La conducta del licenciado Aponte Sánchez constituye una violación severa al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C.9. Este Canon le impone a todo abogado la obligación de procurar el cumplimiento de las órdenes de los tribunales.

En vista de lo anterior, se suspende inmediatamente e indefinidamente del ejercicio de la abogacía y notaría al Lcdo. Antonio J. Aponte Sánchez.

Además, se le impone al abogado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificarnos el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. Se ordena a la Oficina del Alguacil que incaute su obra notarial para el trámite de rigor correspondiente por la Directora de la Oficina de Inspección de Notarías.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Antonio J. Aponte Sánchez                   TS-12110

*SENTENCIA*

En San Juan, Puerto Rico, a 12 de abril de 2010.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía y notaría al Lcdo. Antonio J. Aponte Sánchez.

Se le impone al abogado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal, el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se ordena a la Oficina del Alguacil que incaute su obra notarial para el trámite de rigor correspondiente por la Directora de la Oficina de Inspección de Notarías.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo