per curiam:
I
El Ledo. Antonio J. Aponte Sánchez fue admitido al ejer-cicio de la abogacía el 21 de enero de 1998 y a la notaría el 28 de mayo de 1999.
*648 El 1 de abril de 2008 la Directora de la Oficina de Ins-pección de Notarías (ODIN) nos informó que el licenciado Aponte Sánchez había notificado el hurto de su Registro de Testimonios. La ODIN informó al licenciado Aponte Sán-chez el procedimiento para atender esta situación. En otra comparecencia, ODIN nos indicó que, transcurridos cinco años, el notario no había realizado gestión alguna para co-rregir la situación y que el notario adeudaba varios índices notariales.
Tras varios incidentes, el 9 de marzo de 2009 ODIN so-licitó medidas urgentes ante las deficiencias encontradas en la obra notarial del licenciado Aponte Sánchez. Las de-ficiencias informadas fueron: (1) la ausencia de sellos de asistencia legal en el Registro de Testimonios para 2,010 asientos; (2) la omisión de la firma del notario en 1,840 asientos; (3) la falta de entrada de 140 testimonios, y (4) el incumplimiento con la presentación de índices notariales desde julio de 2008.
Además, ODIN contaba con la queja de otro notario que solicitaba la copia certificada de una escritura pública de la obra notarial del licenciado Aponte Sánchez que no había podido conseguir y que necesitaba para corregir un defecto en el Registro de la Propiedad. Para este asunto, ODIN trató de comunicarse con el licenciado Aponte Sánchez sin obtener la atención de su parte.
El 1 de mayo de 2009 este Tribunal emitió una resolu-ción mediante la cual ordenó al licenciado Aponte Sánchez que en 20 días corrigiera las deficiencias señaladas. En dicha resolución, le ordenamos mostrar causa por la cual no debía ser suspendido indefinidamente del ejercicio de la abogacía y la notaría. Transcurrido dicho plazo, ODIN nos notificó que el notario no había cumplido con nuestra orden.
El 25 de junio de 2009 el licenciado Aponte Sánchez pre-sentó una solicitud de medidas urgentes y orden. En ella, el licenciado informó que quedaba pendiente la reconstruc- *649 ción de su obra notarial y solicitó que se le permitiera re-nunciar voluntariamente al ejercicio de la notaría.
El 2 de septiembre de 2009 ODIN nos remitió un in-forme sobre el estado de la obra notarial del licenciado Aponte Sánchez, en la que indicó que, transcurridos seis años, el notario ha sido incapaz de reconstruir el Registro de Testimonios.
II
Reiteradamente, hemos enfatizado el deber que tiene todo abogado de responder con diligencia a los requerimientos y órdenes de este Tribunal. In re Cubero Feliciano I, 175 D.P.R. 794 (2009). Este deber es más importante cuando se trata de procedimientos sobre su conducta profesional. In re Cubero Feliciano I, supra. Un abogado debe reconocer que la naturaleza de su función requiere una escrupulosa atención y obediencia de nuestras órdenes. In re Pagán Ayala, 130 D.P.R. 678 (1992).
Un abogado puede ser suspendido del ejercicio de la profesión cuando no atiende con diligencia y premura los requerimientos de este Tribunal. In re Cubero Feliciano I, supra. Proceden sanciones disciplinarias contra un abogado que se muestre indiferente ante nuestros apercibimientos y requerimientos. In re Rullán Castillo, 170 D.P.R. Ap. (2007); In re Vega Lasalle, 164 D.P.R. 659 (2005).
III
Nos resulta inaceptable el proceder del licenciado Aponte Sánchez en la reconstrucción de su Registro de Testimonios. El licenciado informó el hurto del Registro de Testimonios el 15 de septiembre de 2003. Pasados cinco años sin que el licenciado hiciera gestión alguna para co-rregirlo, ODIN acudió a esta Curia. El 15 de mayo de 2008 *650 este Tribunal ordenó al licenciado Aponte Sánchez que con-testara el informe de ODIN. Ante su incumplimiento, emi-timos otra orden concediéndole 10 días improrrogables.
El 8 de julio de 2008 el licenciado Aponte Sánchez in-formó que había reconstruido su Registro de Testimonios. Sin embargo, surge del informe posterior de ODIN que esto no es cierto. El 1 de mayo de 2009 ordenamos al licenciado Aponte Sánchez que en 20 días subsanara las deficiencias señaladas por ODIN y que mostrara causa por la cual no debía ser suspendido indefinidamente del ejercicio de la abogacía y notaría. Nuevamente, el notario incumplió con nuestra orden.
Surge del informe de ODIN del 2 de septiembre de 2009, que el licenciado Aponte Sánchez no ha corregido las defi-ciencias señaladas. Tampoco se ha expresado al respecto.
La conducta del licenciado Aponte Sánchez constituye una violación severa al Canon 9 del Código de Etica Profe-sional, 4 L.P.R.A. Ap. IX. Este canon impone a todo abo-gado la obligación de procurar el cumplimiento de las ór-denes de los tribunales.
En vista de lo anterior, se suspende inmediata e indefi-nidamente del ejercicio de la abogacía y la notaría al Ledo. Antonio J. Aponte Sánchez.
Además, se impone al abogado el deber de notificar a todos sus clientes de su inhabilidad para continuar repre-sentándolos, de devolverles cualesquiera honorarios recibi-dos por trabajos no realizados y de informar oportuna-mente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificarnos el cumplimiento con lo anterior dentro del tér-mino de 30 días a partir de la notificación de esta opinión per curiam y sentencia. Se ordena a la Oficina del Alguacil que incaute su obra notarial para el trámite de rigor co-rrespondiente por la Directora de la Oficina de Inspección de Notarías.

Se dictará sentencia de conformidad.