PER CURIAM:
H-1
El Ledo. Salvador Tió Fernández fue admitido al ejerci-cio de la abogacía el 16 de diciembre de 1971 y a la notaría el 15 de marzo de 1991.
Esta queja es originada por una Resolución emitida por el Juez del Tribunal de Primera Instancia, Hon. Pedro J. Pérez Nieves. En ésta se expusieron incidentes ocurridos en su sala que, a su entender, denotan violaciones éticas por parte del Ledo. Salvador Tió Fernández. Los hechos *682 relatados incluyen el reiterado incumplimiento por parte del licenciado con las órdenes del Tribunal.
Según la resolución, esta conducta provocó la imposición de sanciones al abogado y la eliminación de alegaciones de la demandada. Entre otros señalamientos, el juez señaló actos como mentirle al Tribunal, unir a otro abogado como representante legal sin la autorización del cliente y provo-car la dilación de los procesos judiciales.
Ante nuestro pedido, la Procuradora General acudió ante nos y tras evaluar los hechos expuestos concluyó que el abogado demostró “un claro patrón de conducta impro-pia, tanto de incumplimiento con órdenes del tribunal, como de desatención a los intereses de su dienta”. Informe del Procurador General, pág. 5. Además, la Procuradora General recomendó sancionar tal conducta. El 5 de marzo de 2009 ordenamos al licenciado Tió Fernández expresarse en un término de 20 días.
Tras varios intentos por parte de los alguaciles del Tribunal, ha sido imposible notificar al licenciado Tió Fernán-dez de esa resolución. Los alguaciles han intentado notifi-carle a varias direcciones, incluyendo la que consta en la Secretaría del Tribunal Supremo. Tampoco ha podido loca-lizarse a este abogado en la última dirección que aparece registrada en el Colegio de Abogados, por ésta no ser su dirección actual. Además, los aguaciles han intentado co-municarse con el licenciado a su dirección de correo elec-trónico y a varios números de teléfono sin obtener resultado. La oficina de alguaciles intentó sin éxito locali-zarlo a través de ODIN y de la guía telefónica. A raíz de estas gestiones, el Alguacil Auxiliar nos remitió un diligen-ciamiento negativo.
HH I — I
Un abogado tiene como deber ineludible la obligación de responder con premura y diligencia a los requerí- *683 mientos de este Tribunal, particularmente cuando se rela-cionan con procedimientos sobre su conducta profesional. In re Cubero Feliciano I, 175 D.P.R. 794 (2009). La natura-leza de la función de un abogado le requiere una escrupu-losa atención y obediencia de nuestras órdenes. In re Pagán Ayala, 130 D.P.R. 678 (1992).
Por eso, hemos sido enfáticos en la importancia de que todo abogado mantenga a este Tribunal informado de sus direcciones. In re Sanabria Ortiz, 156 D.P.R. 345 (2002). Cualquier cambio en la dirección del abogado debe ser notificado de inmediato a este Tribunal. Regla 9(j) de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A. El abogado que no cumpla con este deber falta a los deberes más elementales de la profesión. In re Sanabria Ortiz, supra. Su incumplimiento limita sustancialmente nuestra jurisdicción disciplinaria. Esta omisión es suficiente para decretar su separación indefinida de la abogacía. íd.
I — I I — I
Tras evaluar el expediente de esta queja surge que el licenciado Tió Fernández ha cambiado de dirección y no ha cumplido con su deber de informar dichos cambios a la Secretaría de este Tribunal. Con este proceder, el licen-ciado Tió Fernández ha incumplido con un deber ineludible de la profesión de la abogacía. Esta conducta denota desi-dia e indiferencia en el ejercicio de la profesión. In re Sanabria Ortiz, supra.
El licenciado Tió Fernández se encuentra suspendido del ejercicio de la notaría por incumplir con su deber de presentar índices notariales y por hacer caso omiso a las órdenes de este Tribunal. In re Tió Fernández, 161 D.P.R. 290 (2004).
En vista de lo acontecido con esta queja, se suspende inmediata e indefinidamente del ejercicio de la abogacía al Ledo. Salvador Tió Fernández.
*684 Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar re-presentándolos, de devolverles cualesquiera honorarios re-cibidos por trabajos no realizados y de informar oportuna-mente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificarnos el cumplimiento con lo anterior dentro del tér-mino de 30 días a partir de la notificación de esta opinión per curiam y sentencia.

Se dictará sentencia de conformidad.

El Juez Presidente Señor Hernández Denton y la Jueza Asociada Señora Fiol Matta no intervienen.