EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>Neddie Feliciano Jiménez | 2008 TSPR 88<br><br>174 DPR \_\_\_\_ |

Número del Caso: TS-6017

Fecha: 20 de mayo de 2008

Colegio de Abogados de Puerto Rico:

Lcdo. Israel Pacheco Acevedo

Lcdo. José M. Montalvo Trías
Director Ejecutivo

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Neddie Feliciano Jiménez

TS-6017

PER CURIAM

San Juan, Puerto Rico, a 20 de mayo de 2008

## I

El licenciado Neddie Feliciano Jiménez fue admitido al ejercicio de la abogacía el 1ero de noviembre de 1978 y al ejercicio del notariado el 5 de diciembre de 1978.

El 9 de julio de 2007 el Colegio de Abogados de Puerto Rico presentó ante este Tribunal una moción informativa en la que señaló que el notario Feliciano Jiménez tenía al descubierto el pago de la finaza notarial, la cual había vencido en noviembre de 2006. El 17 de julio de 2007 emitimos una Resolución en la cual le concedimos un término de veinte días para que mostrara causa por la cual no debía ser suspendido

del ejercicio de la notaría en vista de que tiene al descubierto la prima de su fianza notarial. Se le apercibió, que su incumplimiento con los términos de la Resolución podrían dar base a su separación de la notaría así como a sanciones disciplinarias adicionales. El licenciado Feliciano hizo caso omiso de nuestra Resolución.

El 19 de julio de 2007, el Colegio de Abogados presentó una nueva moción en la que informó que el licenciado Feliciano no había pagado su cuota anual de colegiación. En septiembre de 2007 emitimos una Resolución concediéndole un término para que se expresara sobre por qué no debíamos suspenderlo del ejercicio de la abogacía. Apercibiéndolo también que su incumplimiento conllevaría la suspensión automática del ejercicio de la abogacía. El 27 de septiembre de 2007 el Colegio presentó una moción en la que informó que el licenciado Feliciano había pagado su cuota atrasada y que desistía de su petición.

El 31 de octubre de 2007 emitimos una nueva Resolución en la cual le concedimos un término final de 10 días para que cumpliera con lo ordenado en la Resolución del 17 de julio de 2007. La Resolución apercibía que el incumplimiento con los términos de la misma acarrearía la suspensión automática del ejercicio de la abogacía. Esta Resolución le fue notificada personalmente al licenciado Feliciano Jiménez el 30 de enero de 2008. El licenciado Feliciano no ha comparecido ni ha solicitado prórroga para comparecer.

Pendiente este asunto ante nuestra consideración, el Colegio de Abogados, el 5 de mayo de 2008 nos notificó una moción informativa en la que expuso que el licenciado Feliciano Jiménez, el 2 de mayo había pagado la fianza notarial. No obstante, éste no ha comparecido ante nosotros conforme le ordenamos el 17 de julio de 2007, haciendo caso omiso a la orden que a esos efectos emitimos.

## II

El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar para con los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer. Máxime cuando de conducta profesional se trata. *In re Moisés García Baliñas*, res 9 de febrero de 2006, 16 D.P.R. ___, 20006 TSPR ___; *In re Pagán Ayala*, 130 D.P.R. 678, 681.

Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX. *In re Maldonado Rivera*, 147 D.P.R. 380 (1999). Nos parece sorprendente que, luego del esfuerzo que conlleva la carrera de abogacía, se desatiendan las órdenes de este Tribunal a sabiendas poniendo en peligro el título que se ostenta.

El licenciado Feliciano Jiménez ha demostrado total desprecio por las órdenes de este Tribunal. Su actitud de

displicencia para con este Tribunal no le hacen digno de continuar desempeñando el ministerio que ostenta como miembro de la profesión legal.  Es evidente según se desprende se sus acciones, que no tiene interés alguno en continuar ejerciendo la profesión.

Por los fundamentos antes expresados ordenamos la separación inmediata e indefinida del ejercicio de la abogacía del licenciado Neddie Feliciano Jiménez, a partir de la notificación de la presente Opinión *Per Curiam*.

Le imponemos al licenciado Feliciano Jiménez el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimento de estos deberes.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re


TS-6017


Neddie Feliciano Jiménez


SENTENCIA

San Juan, Puerto Rico, a 20 de mayo de 2008

Por los fundamentos expresados en la Opinión Per Curiam que antecede, los cuales se incorporan íntegramente a la presente, ordenamos la separación inmediata e indefinida del ejercicio de la abogacía del licenciado Neddie Feliciano Jiménez, a partir de la notificación de la presente Opinión *Per Curiam*.

Le imponemos al licenciado Feliciano Jiménez el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimento de estos deberes.

El Alguacil de este Tribunal procederá de inmediato a incautarse de la obra notarial y sello notarial de Neddie Feliciano Jiménez, debiendo entregar las mismas a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se ordena a su vez que esta Opinión *Per Curiam* y Sentencia sea notificada personalmente al licenciado Feliciano Jiménez por la Oficina del Alguacil de este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo