EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Rosana Rivera Ortiz | 2008 TSPR 145<br><br>175 DPR \_\_\_\_ |

Número del Caso: TS-7056


Fecha: 13 de agosto de 2008


Abogado de la Parte Peticionaria:

                Por Derecho Propio


Oficina de Inspección de Notarías:

                Lcda. Lourdes I. Quintana Lloréns
                Directora


Materia: Conducta Profesional
       (La suspensión será efectiva el 26 de agosto de 2008
       fecha en que se le notificó a la abogada de su suspensión
       inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Rosana Rivera Ortiz                     TS-7056

Sala de Verano integrada por el Juez Presidente señor Hernández Denton y las Jueces Asociadas señora Fiol Matta y señora Rodríguez Rodríguez

PER CURIAM

San Juan, Puerto Rico, a 13 de agosto de 2008

La licenciada Rosana Rivera Ortiz fue admitida al ejercicio de la abogacía el 20 de noviembre de 1980 y juró como notario el 5 de agosto de 1981.

El 18 de octubre de 2006 recibimos un informe de la Oficina de Inspección de Notarías (ODIN), señalando que la notario Rivera Ortiz había incumplido con su obligación de rendir índices notariales mensuales y los informes estadísticos de actividad anual durante varios años, por lo que se desconocía la magnitud y naturaleza de la obra notarial autorizada por ella. Además, se indicó que ésta había incumplido con varios requerimientos de la ODIN.

Luego de varias prórrogas para contestar, el 25 de junio de 2007 la licenciada Rivera Ortiz presentó una moción informando de las gestiones realizadas. Le concedimos un término a la ODIN para que se expresara sobre la moción de la notario. La ODIN nos señaló en su moción en cumplimiento de orden, que la notario Rivera continuaba adeudando sus informes de actividad notarial anual de los años 2002 al 2005. Tampoco había acreditado haber expedido copia certificada de unas escrituras que se le habían solicitado. Finalmente, ODIN indicó que la licenciada Rivera Ortiz no había respondido a varios requerimientos que le había hecho.

El 28 de marzo de 2008 emitimos una Resolución en la cual le concedimos a la licenciada Rivera Ortiz el término de 20 días para que se expresara en torno a la moción que nos presentara la ODIN. Se le apercibió en la Resolución, que su incumplimiento con nuestra Resolución podría conllevar su suspensión del ejercicio de la abogacía. Esta Resolución le fue notificada personalmente el 8 de abril de 2008. Al día de hoy, la licenciada Rivera Ortiz no ha comparecido ni ha solicitado término para comparecer.

**I**

El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar para con los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer, incluyendo el Colegio de

Abogados. Máxime cuando de conducta profesional se trata. *In re Moisés García Baliñas*, res 9 de febrero de 2006, 16 D.P.R. ___, 2006 TSPR ___; *In re Pagán Ayala*, 130 D.P.R. 678, 681.

Anteriormente hemos advertido que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re Ríos Rodríguez*, res. 27 de septiembre de 2007, 2007 JTS 182; *In re Lloréns Sar*, res. 5 de febrero de 2007, 2007 JTS 26. Todo abogado tiene la ineludible obligación de responder prontamente a nuestros requerimientos, independientemente de los méritos de la queja presentada en su contra. *In re Rodríguez Bigas*, res. 25 de octubre de 2007, 2007 JTS 207.

Desatender las comunicaciones relacionadas a procedimientos disciplinarios "tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por el Tribunal." *In re Ríos Acosta*, 143 D.P.R. 128, 135 (1997); *In re Rodríguez Bigas, supra*.

Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX. *In re Maldonado Rivera*, 147 D.P.R. 380 (1999). Nos parece sorprendente que, luego del esfuerzo que conlleva la carrera de abogacía se desatiendan las órdenes de este Tribunal a sabiendas de que pone en peligro el título que se ostenta.

**II**

La licenciada Rivera Ortiz ha demostrado total y reiterado desprecio por las órdenes de este Tribunal. Su actitud de displicencia para con este Tribunal no la hacen digna de continuar desempeñando el ministerio que ostenta como miembro de la profesión legal. Es evidente, según se desprende se sus acciones, que no tiene interés alguno en continuar ejerciendo la profesión.

Por los fundamentos antes expresados ordenamos la separación inmediata e indefinida del ejercicio de la abogacía de la licenciada Rosana Rivera Ortiz, a partir de la notificación de la presente Opinión *Per Curiam*.

Le imponemos a la licenciada Rivera Ortiz el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimento de estos deberes.

El Alguacil de este Tribunal procederá de inmediato a incautarse de la obra notarial y sello notarial de la licenciada Rosana Rivera Ortiz, debiendo entregar las mismas a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Rosana Rivera Ortiz                       TS-7056

Sala de Verano integrada por el Juez Presidente señor Hernández Denton y las Jueces Asociadas señora Fiol Matta y señora Rodríguez Rodríguez

SENTENCIA

San Juan, Puerto Rico, a 13 de agosto de 2008

Por los fundamentos expresados en la Opinión Per Curiam que antecede, los cuales se incorporan íntegramente a la presente, ordenamos la separación inmediata e indefinida del ejercicio de la abogacía de la licenciada Rosana Rivera Ortiz, a partir de la notificación de la presente Opinión *Per Curiam*.

Le imponemos a la licenciada Rivera Ortiz el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimento de estos deberes.

El Alguacil de este Tribunal procederá de inmediato a incautarse de la obra notarial y sello notarial de Rosana Rivera Ortiz, debiendo entregar las mismas a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se ordena a su vez que esta Opinión Per Curiam y Sentencia le sea notificada personalmente a la licenciada Rivera Ortiz a través de la Oficina del Alguacil de este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo