EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2008 TSPR 143 |
| Rebecca D. Rodríguez Mercado | 175 DPR _____ |

Número del Caso: AB-2006-306

Fecha: 13 de agosto de 2008

Abogado de la Parte Peticionaria:

Por Derecho Propio

Oficina del Procurador General:

Lcdo. Salvador J. Antonetti Stutts
Procurador General

Materia: Conducta Profesional
(La suspensión será efectiva el 20 de agosto de 2008
fecha en que se le notificó a la abogada de su suspensión
inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Rebecca D. Rodríguez Mercado

AB-2006-306

Sala de Verano integrada por el Juez Presidente señor Hernández Denton y las Jueces Asociadas señora Fiol Matta y señora Rodríguez Rodríguez

PER CURIAM

San Juan, Puerto Rico, a 13 de agosto de 2008

La licenciada Rebecca D. Rodríguez Mercado fue admitida al ejercicio de la abogacía el 31 de julio de 1991. El 14 de octubre de 2005 fue suspendida del ejercicio de la abogacía y la notaría. *In re Rebecca Rodríguez Mercado*, res. 15 de septiembre de 2005, 165 D.P.R. ___, 2005 TSPR 144. El 5 de mayo de 2006 la reinstalamos al ejercicio de la abogacía.

El 22 de mayo de 2007, el Procurador General presentó ante nuestra consideración un informe relacionado con una querella que había presentado contra la licenciada Rodríguez Mercado, el señor Bernabé Ávila Martínez. En el informe, el Procurador

General indicó que la querellada pudo haber infringido los Cánones 18 y 19 de Ética Profesional, en su gestión legal a favor de quien era su representado, el señor Ávila Martínez. Específicamente, por que se alegó que debido a la inacción y falta de diligencia de la abogada se desestimó la acción en contra de uno de los codemandados contra quien el señor Ávila había entablado una demanda de daños y perjuicios.

Recibido el informe, el 31 de mayo de 2007, le concedimos a la licenciada Rodríguez Mercado un término de 20 días para que se expresara sobre el mismo. Ésta no compareció ni solicitó prórroga para comparecer. Así las cosas, el 17 de abril de 2008, le concedimos un nuevo término de 20 días para que compareciera a la vez que debía mostrar causa de por qué no debíamos ejercer nuestra jurisdicción disciplinaria por su incumplimiento. Indicamos también en la Resolución que de no comparecer se exponía a severas sanciones incluyendo la suspensión del ejercicio de la profesión legal. El 28 de mayo de 2008 nuestra Resolución le fue notificada personalmente. Al día de hoy, la licenciada Rodríguez Mercado no ha comparecido ni ha solicitado término para comparecer.

**I**

El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar para con los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se

encuentre obligado a comparecer, incluyendo el Colegio de Abogados. Máxime cuando de conducta profesional se trata. *In re Moisés García Baliñas*, res 9 de febrero de 2006, 16 D.P.R. ___, 2006 TSPR ___; *In re Pagán Ayala*, 130 D.P.R. 678, 681.

Anteriormente hemos advertido que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re Ríos Rodríguez*, res. 27 de septiembre de 2007, 2007 JTS 182; *In re Lloréns Sar*, res. 5 de febrero de 2007, 2007 JTS 26. Todo abogado tiene la ineludible obligación de responder cortamente a nuestros requerimientos, independientemente de los méritos de la queja presentada en su contra. *In re Rodríguez Bigas*, res. 25 de octubre de 2007, 2007 JTS 207.

Desatender las comunicaciones relacionadas a procedimientos disciplinarios "tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por el Tribunal." *In re Ríos Acosta*, 143 D.P.R. 128, 135 (1997); *In re Rodríguez Bigas, supra*.

Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX. *In re Maldonado Rivera*, 147 D.P.R. 380 (1999). Nos parece sorprendente que, luego del esfuerzo que conlleva la carrera de abogacía y la oportunidad que le brindamos a la licenciada Rodríguez

Mercado a reintegrarse a la profesión, se desatiendan las órdenes de este Tribunal a sabiendas de que se pone en peligro el título que se ostenta.

## II

La licenciada Rodríguez Mercado ha demostrado total y reiterado desprecio por las órdenes de este Tribunal. Su actitud de displicencia para con este Tribunal no la hacen digna de continuar desempeñando el ministerio que ostenta como miembro de la profesión legal. Es evidente, según se desprende se sus acciones, que no tiene interés alguno en continuar ejerciendo la profesión. Recordemos que ésta no es la primera ocasión en la cual nos hemos visto obligados a suspenderla de la profesión.

Por los fundamentos antes expresados ordenamos la separación inmediata e indefinida del ejercicio de la abogacía de la licenciada Rebecca D. Rodríguez Mercado, a partir de la notificación de la presente Opinión *Per Curiam*.

Le imponemos a la licenciada Rodríguez Mercado el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimento de estos deberes.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

                                    AB-2006-306
Rebecca D. Rodríguez Mercado


Sala de Verano integrada por el Juez Presidente señor Hernández Denton y las Jueces Asociadas señora Fiol Matta y señora Rodríguez Rodríguez


SENTENCIA

San Juan, Puerto Rico, a 13 de agosto de 2008

Por los fundamentos expresados en la Opinión Per Curiam que antecede, los cuales se incorporan íntegramente a la presente, ordenamos la separación inmediata e indefinida del ejercicio de la abogacía de la licenciada Rebecca D. Rodríguez Mercado, a partir de la notificación de la presente Opinión *Per Curiam*.

Le imponemos a la licenciada Rodríguez Mercado el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimento de estos deberes.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                        Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo