EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Eric B. Singleton Batista | 2008 TSPR 149 <br><br> 175 DPR _____ |

Número del Caso: AB-2007-244

Fecha: 13 de agosto de 2008

Comisión de Ética del Colegio de Abogados:

      Lcda. María de Lourdes Rodríguez
      Oficial Investigadora

Materia: Conducta Profesional
      (La suspensión será efectiva el 2 de septiembre de 2008 fecha
      en que se le notificó al abogado de su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

AB-2007-244

Eric B. Singleton Batista

Sala de Verano integrada por el Juez Presidente señor Hernández Denton y las Jueces Asociadas señora Fiol Matta y señora Rodríguez Rodríguez

PER CURIAM

San Juan, Puerto Rico, a 13 de agosto de 2008

El licenciado Eric B. Singleton Batista fue admitido al ejercicio de la abogacía el 4 de noviembre de 1981. El 7 de agosto de 2007, el Colegio de Abogados presentó ante nuestra consideración una moción informativa donde nos indicó que el licenciado Singleton Batista no había acudido a la Comisión de Ética del Colegio de Abogados a contestar una queja presentada en su contra por el señor Juan Rodríguez.

En la queja presentada, el señor Rodríguez alegó que el licenciado Singleton fue contratado para que le representara a él y a un co-acusado, en un pleito

criminal que se ventilaba en la Corte de Distrito de Estados Unidos para el Distrito Sur de Nueva York. El señor Rodríguez alegó que al licenciado Singleton se le pagó en exceso de $35,000 y que éste nada hizo en dicho caso. Recibida la comunicación del Colegio de Abogados, el 10 de agosto de 2007, emitimos una Resolución concediéndole al licenciado Singleton un término de 10 días para que se expresara sobre la moción informativa del Colegio. En la Resolución se le advirtió al licenciado Singleton, que su incumplimiento con la misma podría conllevar severas sanciones disciplinarias, incluyendo ara que el la suspensión del ejercicio de la abogacía. Nuestra Resolución fue notificada personalmente al licenciado Singleton el 6 de septiembre de 2007. Al día de hoy, el licenciado Singleton no ha comparecido ni ha solicitado término para comparecer.

**I**

El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar para con los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer, incluyendo el Colegio de Abogados. Máxime cuando de conducta profesional se trata. *In re Moisés García Baliñas*, res 9 de febrero de 2006, 16 D.P.R. ___, 2006 TSPR ___; *In re Pagán Ayala*, 130 D.P.R. 678, 681.

Anteriormente hemos advertido que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re Ríos Rodríguez*, res. 27 de septiembre de 2007, 2007 JTS 182; *In re Lloréns Sar*, res. 5 de febrero de 2007, 2007 JTS 26. Todo abogado tiene la ineludible obligación de responder cortamente a nuestros requerimientos, independientemente de los méritos de la queja presentada en su contra. *In re Rodríguez Bigas*, res. 25 de octubre de 2007, 2007 JTS 207.

Desatender las comunicaciones relacionadas a procedimientos disciplinarios "tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por el Tribunal." *In re Ríos Acosta*, 143 D.P.R. 128, 135 (1997); *In re Rodríguez Bigas, supra.*

Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX. *In re Maldonado Rivera*, 147 D.P.R. 380 (1999). Nos parece sorprendente que, luego del esfuerzo que conlleva la carrera de abogacía, se desatiendan las órdenes de este Tribunal a sabiendas poniendo en peligro el título que se ostenta.

## II

El licenciado Singleton Batista ha demostrado total desprecio por las órdenes de este Tribunal así como con las del Colegio de Abogados. Su actitud de displicencia para con

este Tribunal no le hacen digno de continuar desempeñando el ministerio que ostenta como miembro de la profesión legal. Es evidente, según se desprende se sus acciones, que no tiene interés alguno en continuar ejerciendo la profesión.

Por los fundamentos antes expresados ordenamos la separación inmediata e indefinida del ejercicio de la abogacía del licenciado Eric B. Singleton Batista, a partir de la notificación de la presente Opinión *Per Curiam*.

Le imponemos al licenciado Singleton Batista el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimento de estos deberes.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

AB-2007-244

Eric B. Singleton Batista

Sala de Verano integrada por el Juez Presidente señor Hernández Denton y las Jueces Asociadas señora Fiol Matta y señora Rodríguez Rodríguez

SENTENCIA

San Juan, Puerto Rico, a 13 de agosto de 2008

Por los fundamentos expresados en la Opinión Per Curiam que antecede, los cuales se incorporan íntegramente a la presente, ordenamos la separación inmediata e indefinida del ejercicio de la abogacía del licenciado Eric B. Singleton Batista, a partir de la notificación de la presente Opinión *Per Curiam*.

Le imponemos al licenciado Singleton Batista el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimento de estos deberes.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo