per curiam:
La Lie. Rebecca D. Rodríguez Mercado fue admitida al ejercicio de la abogacía el 31 de julio de 1991. El 14 de octubre de 2005 fue suspendida del ejercicio de la abogacía y la notaría. In re Rodríguez Mercado, 165 D.P.R. 630 (2005). El 5 de mayo de 2006 la reinstalamos al ejercicio de la abogacía.
El 22 de mayo de 2007 el Procurador General presentó ante nuestra consideración un informe relacionado con una querella que había presentado contra la licenciada Rodríguez Mercado el Sr. Bernabé Avila Martínez. En el informe, el Procurador General indicó que la querellada pudo haber infringido los Cánones 18 y 19 del Código de Etica Profesional, 4 L.P.R.A. Ap. IX, en su gestión legal a favor de quien era su representado, el señor Avila Martínez. Específicamente, porque se alegó que debido a la inacción y falta de diligencia de la abogada se desestimó la acción contra uno de los codemandados contra quien el señor Avila Martínez había entablado una demanda de daños y perjuicios.
Recibido el informe, el 31 de mayo de 2007 le concedimos a la licenciada Rodríguez Mercado un término de 20 días para que se expresara sobre éste. Esta no compareció ni solicitó prórroga para comparecer. Así las cosas, el 17 de abril de 2008 le concedimos un nuevo término de 20 días para que compareciera, a la vez que debía mostrar causa de por qué no debíamos ejercer nuestra jurisdicción disciplinaria por su incumplimiento. Indicamos también en la resolución que de no comparecer se exponía a severas sanciones, incluso la suspensión del ejercicio de la profesión legal. El 28 de mayo de 2008 nuestra resolución le fue notificada personalmente. Aún hoy, la licenciada Rodríguez Mercado *753 no ha comparecido ni ha solicitado término para comparecer.
I
El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar para con los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer, incluyendo el Colegio de Abogados. Máxime cuando se trata de conducta profesional. In re García Baliñas, 167 D.P.R. 125 (2006); In re Pagán Ayala, 130 D.P.R. 678, 681 (1992).
Anteriormente hemos advertido que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007). Todo abogado tiene la ineludible obligación de responder cortamente a nuestros requerimientos, independientemente de los méritos de la queja presentada en su contra. In re Rodríguez Bigas, 172 D.P.R. 345 (2007).
Desatender las comunicaciones relacionadas a procedimientos disciplinarios “ ‘tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal’ ”. In re Rodríguez Bigas, supra, pág. 347, citando a In re Ríos Acosta I, 143 D.P.R. 128, 135 (1997).
Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX del Código de Ética Profesional, supra. In re Maldonado Rivera, 147 D.P.R. 380 (1999). Nos parece sorprendente que, luego del esfuerzo que conlleva la carrera de abogacía y la oportunidad que le *754 brindamos a la licenciada Rodríguez Mercado a reintegrarse a la profesión, ésta desatienda las órdenes de este Tribunal, a sabiendas de que pone en peligro el título que ostenta.
II
La licenciada Rodríguez Mercado ha demostrado total y reiterado desprecio por las órdenes de este Tribunal. Su actitud de displicencia para con este Tribunal no la hacen digna de continuar desempeñando el ministerio que ostenta como miembro de la profesión legal. Es evidente, según se desprende se sus acciones, que no tiene interés alguno en continuar ejerciendo la profesión. Recordemos que ésta no es la primera ocasión en la cual nos hemos visto obligados a suspenderla de la profesión.
Por los fundamentos antes expresados, ordenamos la separación inmediata e indefinida del ejercicio de la abogacía de la Lie. Rebecca D. Rodríguez Mercado, a partir de la notificación de la presente opinión “per curiam”.

Imponemos a la licenciada Rodríguez Mercado el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta días, contados a partir de la notificación de esta opinión “per curiam”, el cumplimento de estos deberes.

Se dictará sentencia de conformidad.