EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Maribel Rosario Cartagena | 2008 TSPR 144<br><br>175 DPR ____ |

Número del Caso: TS-12347


Fecha: 15 de agosto de 2008


Oficina de Inspección de Notarías:


      Lcda. Carmen H. Carlos
      Directora


Abogado de la Parte Peticionaria:

      Por Derecho Propio




Materia: Conducta Profesional.
     (La suspensión será efectiva el 25 de agosto de 2008
     fecha en que se le notificó a la abogada de su suspensión
     inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

TS-12347

Maribel Rosario Cartagena

Sala de Verano integrada por el Juez Presidente señor Hernández Denton y las Jueces Asociadas señora Fiol Matta y señora Rodríguez Rodriguez

PER CURIAM

San Juan, Puerto Rico, a 15 de agosto de 2008

La licenciada Maribel Rosario Cartagena fue admitida al ejercicio de la abogacía el 23 de enero de 1998 y al ejercicio del notariado el 21 de mayor de 1998. El 30 de marzo de 2007 la suspendimos del ejercicio del notariado por motivo de unas serias deficiencias en su obra notarial que nos fueron informadas por la Oficina de Inspección de Notarías (por sus siglas ODIN) y su incumplimiento con los requerimientos de este Tribunal para que corrigiera las deficiencias en su obra notarial.

El 14 de septiembre de 2007 recibimos un informe de ODIN sobre el estado de la obra notarial que le

fuera incautada a la licenciada Rosario Cartagena. Se encontraron nuevas deficiencias entre las que destacaba una deficiencia arancelaria en el protocolo del año 1999 por la suma de $8,082.50. El 1ero de febrero de 2008, le concedimos un término de diez días para corregir las deficiencias señaladas por ODIN además de que mostrara causa por la cual no debía ser suspendida de la abogacía. Esta Resolución le fue notificada personalmente a la licenciada Rosario Cartagena el 7 de marzo de 2007. Al día de hoy, ésta no ha comparecido ni ha solicitado término para comparecer.

## I

El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar para con los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer, incluyendo el Colegio de Abogados. Máxime cuando de conducta profesional se trata. *In re Moisés García Baliñas*, res 9 de febrero de 2006, 16 D.P.R. ___, 2006 TSPR ___; *In re Pagán Ayala*, 130 D.P.R. 678, 681.

Anteriormente hemos advertido que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re Ríos Rodríguez*, res. 27 de septiembre de 2007, 2007 JTS 182; *In re Lloréns Sar*, res. 5 de febrero

de 2007, 2007 JTS 26. Todo abogado tiene la ineludible obligación de responder cortamente a nuestros requerimientos, independientemente de los méritos de la queja presentada en su contra. *In re Rodríguez Bigas*, res. 25 de octubre de 2007, 2007 JTS 207.

Desatender las comunicaciones relacionadas a procedimientos disciplinarios "tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por el Tribunal. *In re Ríos Acosta*, 143 D.P.R. 128, 135 (1997); *In re Rodríguez Bigas, supra.*

Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX. *In re Maldonado Rivera*, 147 D.P.R. 380 (1999). Nos parece sorprendente que, luego del esfuerzo que conlleva la carrera de abogacía, se desatiendan las órdenes de este Tribunal a sabiendas de que se está poniendo en peligro el título que se ostenta.

## II

La licenciada Rosario Cartagena ha demostrado total desprecio por las órdenes de este Tribunal. Su actitud de displicencia para con este Tribunal no la hacen digna de continuar desempeñando el ministerio que ostenta como miembro de la profesión legal. Es evidente, según se desprende se sus acciones, que no tiene interés alguno en continuar ejerciendo la profesión.

Por los fundamentos antes expresados ordenamos la separación inmediata e indefinida del ejercicio de la

abogacía de la licenciada Maribel Rosario Cartagena Batista, a partir de la notificación de la presente Opinión *Per Curiam*.

Le imponemos a la licenciada Rosario Cartagena el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimento de estos deberes.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

TS-12347

Maribel Rosario Cartagena

Sala de Verano integrada por el Juez Presidente señor Hernández Denton y las Jueces Asociadas señora Fiol Matta y señora Rodríguez Rodríguez

SENTENCIA

San Juan, Puerto Rico, a 15 de agosto de 2008

Por los fundamentos expresados en la Opinión Per Curiam que antecede, los cuales se incorporan íntegramente a la presente, ordenamos la separación inmediata e indefinida del ejercicio de la abogacía de la licenciada Maribel Rosario Cartagena, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Le imponemos a la licenciada Rosario Cartagena el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia, el cumplimento de estos deberes.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo