per curiam:
La licenciada María J. Deliz Terrón fue ad-mitida al ejercicio de la abogacía el 23 de agosto de 1989. El 3 de mayo de 2006 la suspendimos del ejercicio de la abogacía por no contestar unos requerimientos de este Tribunal para que compareciera a expresar su posición res-pecto una queja presentada en su contra. El 28 de junio de 2006 ésta presentó una moción urgente solicitando la re-consideración de su suspensión. En ésta planteó al Tribunal una seria situación de salud familiar por la que atra-vesaba, pidió disculpas por su proceder y nos solicitó que reconsideráramos nuestra determinación de suspenderla de la profesión legal.
Atendida la moción presentada, la reinstalamos al ejer-cicio de la abogacía y le concedimos un término para con-testar la queja presentada en su contra. Ésta contestó la queja y el 6 de julio de 2006 referimos el asunto a la Ofi-cina del Procurador General para la investigación y el informe.
El 31 de enero de 2007 le ordenamos a la licenciada Deliz Terrón que sometiera a la Oficina del Procurador General la información necesaria para que el Procurador General pudiera culminar su investigación. A solicitud del Procurador General, el 23 de febrero de 2007 emitimos una nueva Resolución en la cual ordenamos a la licenciada De-liz que remitiera a la señora Minerva Rivera el expediente del caso para el cual la había contratado y que era objeto de la queja presentada en su contra. En dicha Resolución, le advertimos de que su incumplimiento podría conllevar severas sanciones, incluso la suspensión al ejercicio de la abogacía.
El 28 de marzo de 2008 el Procurador General presentó una nueva moción informativa ante este Tribunal en la cual nos informó que la licenciada Deliz Terrón no había cumplido con nuestra Resolución de 23 de febrero de 2007. *337 El 17 de abril de 2007 emitimos una Resolución con los mismos términos de la anterior, de suerte que ésta le diera cumplimiento a nuestra Resolución de 23 de febrero. Esta Resolución se notificó personalmente a la licenciada Deliz Terrón por la Oficina del Alguacil del Tribunal Supremo. Aún hoy, la licenciada Deliz Terrón no ha cumplido con nuestra orden ni ha solicitado prórroga alguna para ello.
1 — i
El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar para con los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer, máxime cuando de conducta profesional se trata. In re García Baliñas, 167 D.P.R. 125 (2006); In re Pagán Ayala, 130 D.P.R. 678, 681 (1992).
Anteriormente hemos advertido que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007). Todo abogado tiene la ineludible obligación de responder prontamente a nuestros requerimientos, independientemente de los méritos de la queja presentada en su contra. In re Rodríguez Bigas, 172 D.P.R. 345 (2007).
Desatender las comunicaciones relacionadas con los procedimientos disciplinarios “tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por [el] Tribunal”. In re Ríos Acosta I, 143 D.P.R. 128, 135 (1997). Véase, además, In re Rodríguez Bigas, supra.
*338 Hemos señalado reiteradamente que desatender las ór-denes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX del Código de Etica Profesional, supra. In re Maldonado Rivera, 147 D.P.R. 380 (1999). Nos parece sorprendente que luego del esfuerzo que conlleva la carrera de la abogacía, se desatiendan las órde-nes de este Tribunal a sabiendas de que se pone en peligro el título que se ostenta.
l — l I — t
La licenciada Deliz Terrón ha demostrado total despre-cio por las órdenes de este Tribunal, así como su responsa-bilidad ante la Oficina del Procurador General cuando ésta descarga una encomienda de este Tribunal. Su actitud de displicencia para con este Tribunal no le hacen digna de continuar desempeñando el ministerio que ostenta como miembro de la profesión legal. Es evidente, según se des-prende se sus reiteradas acciones, que no tiene interés al-guno en continuar ejerciendo la profesión.
Por los fundamentos antes expresados, ordenamos la se-paración inmediata e indefinida del ejercicio de la abogacía de la licenciada María J. Deliz Terrón, a partir de la noti-ficación de la presente opinión per curiam.
Imponemos a la licenciada Deliz Terrón el deber de no-tificar a todos sus clientes de su inhabilidad de seguir re-presentándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además, deberá certificarnos dentro del término de treinta días, contados a partir de la notificación de esta opinión per curiam, el cumplimiento de estos deberes.

Se dictará sentencia de conformidad.