per curiam:
El Ledo. Héctor Maysonet Cardona fue admitido al ejercicio de la abogacía el 1 de noviembre de 1978 y al ejercicio de la notaría el 7 de febrero de 1979. El 19 de junio de 2008, la Oficina del Procurador General presentó para nuestra consideración una moción informativa y solicitud de orden, donde nos indicó que el licenciado Maysonet Cardona había ignorado tres requerimientos de dicha oficina de comparecer para expresarse en torno a una queja presentada en su contra.
*592 Recibida la comunicación del Procurador General, el 20 de agosto de 2008 emitimos una Resolución en la que concedimos al licenciado Maysonet Cardona un término de diez días para que se expresara sobre la moción informativa del Procurador General. Además, le indicamos que, en igual término, debía comparecer ante este Tribunal a ex-presar las razones por las cuales no debíamos disciplinarlo ante su incumplimiento con los requerimientos de la Oficina del Procurador General. En la Resolución se le advirtió que su incumplimiento con ésta podría conllevar severas sanciones disciplinarias, incluso la suspensión del ejercicio de la abogacía. Nuestra Resolución fue notificada personalmente al licenciado Maysonet el 16 de septiembre de 2008.
El 29 de septiembre de 2008 el licenciado Maysonet Car-dona sometió un documento ante este Tribunal titulado “Contestación a requerimientos del Procurador General”. Una copia de este documento se remitió a la Oficina del Procurador General. En este documento el abogado informó que su práctica de la profesión legal se limitó a la notaría desde 1992. También, que por razón de enfermedad descontinuó la práctica de la notaría desde inicios de 2008 y que el 9 de septiembre de 2008 solicitó una certificación de colegiado inactivo para que se le eximiera de los requisitos de Educación Jurídica Continua.
Vista la moción presentada por Maysonet Cardona, el 21 de octubre le ordenamos que, en el término de diez días compareciera a la Oficina del Procurador General a contestar sus requerimientos, y que dentro del mismo término nos informara el cumplimiento con la Resolución. Le advertimos al abogado que su incumplimiento podría generar sanciones disciplinarias severas.
El 23 de febrero de 2009, la Oficina del Procurador General compareció ante nosotros a indicarnos que la moción presentada por el licenciado Maysonet Cardona el 29 de septiembre de 2008 no respondía a los requerimientos de dicha Oficina, que había solicitado su versión de los hechos que dieron base a la queja presentada.
*593 El 5 de marzo de 2009 emitimos mía nueva Resolución bajo los mismos términos que la anterior. Hoy, el licenciado Maysonet Cardona no ha comparecido ante el Procurador General o ante este Tribunal para responder a las órdenes dictadas; tampoco ha solicitado prórroga para hacerlo.
I
El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar para con los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal o a las de cualquier foro al que se encuentre obligado a comparecer, incluso la Oficina del Procurador General y el Colegio de Abogados, máxime cuando de conducta profesional se trata. In re García Baliñas, 167 D.P.R. 125 (2006); In re Pagán Ayala, 130 D.P.R. 678, 681 (1992).
Anteriormente hemos advertido que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente a nuestros apercibimientos de imponerle sanciones disciplinarias. In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007). Todo abogado tiene la ineludible obligación de responder prontamente a nuestros requerimientos, independientemente de los méritos de la queja presentada en su contra. In re Rodríguez Bigas, 172 D.P.R. 345 (2007).
Desatender las comunicaciones relacionadas con procedimientos disciplinarios “tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal”. In re Ríos Acosta I, 143 D.P.R. 128, 135 (1997). Véase In re Rodríguez Bigas, supra.
Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad *594 de los tribunales e infringe el Canon 9 del Código de Ética Profesional, supra. In re Maldonado Rivera, 147 D.P.R. 380 (1999). Nos parece sorprendente que, luego del esfuerzo que conlleva la carrera de abogacía, se desatiendan las órdenes de este Tribunal a sabiendas, poniendo en peligro el título que se ostenta.
I—1
El licenciado Maysonet Cardona ha demostrado total desprecio por las órdenes de este Tribunal, así como con las de la Oficina del Procurador General. Su actitud de displicencia para con este Tribunal no le hace digno de continuar desempeñando el ministerio que ostenta como miembro de la profesión legal. Es evidente, según se desprende se sus acciones, que no tiene interés alguno en continuar ejerciendo la profesión.
Por los fundamentos antes expresados, ordenamos la separación inmediata e indefinida del ejercicio de la abogacía del licenciado Héctor Maysonet Cardona, a partir de la notificación de la presente opinión per curiam.
Imponemos al licenciado Maysonet Cardona el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además, deberá certificarnos dentro del término de treinta días, contados a partir de la notificación de esta opinión per curiam, el cumplimento de estos deberes.

Se dictará sentencia de conformidad.