per curiam:
El Lie. Eric B. Singleton Batista fue admitido al ejercicio de la abogacía el 4 de noviembre de 1981. El 7 de agosto de 2007 el Colegio de Abogados presentó ante nuestra consideración una moción informativa donde nos indicó que el licenciado Singleton Batista no había acudido a la Comisión de Etica del Colegio de Abogados a contestar una queja presentada en su contra por el Sr. Juan Rodríguez.
En la queja presentada, el señor Rodríguez alegó que el licenciado Singleton Batista fue contratado para que le representara a él y a un coacusado en un pleito criminal que *760 se ventilaba en la Corte de Distrito de Estados Unidos para el Distrito Sur de Nueva York. El señor Rodríguez alegó que al licenciado Singleton Batista se le pagó en ex-ceso de $35,000 y que éste nada hizo en dicho caso. Recibida la comunicación del Colegio de Abogados, el 10 de agosto de 2007 emitimos una resolución, concediendo al licenciado Singleton Batista un término de 10 días para que se expresara sobre la moción informativa del Colegio. En la resolución se le advirtió al licenciado Singleton Batista que su incumplimiento con ésta podría conllevar severas sanciones disciplinarias, incluyendo la suspensión del ejercicio de la abogacía. Nuestra resolución fue notificada personalmente al licenciado Singleton Batista el 6 de septiembre de 2007. Aún de hoy éste no ha comparecido ni ha solicitado un término para comparecer.
I
El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar para con los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer, incluso el Colegio de Abogados. Máxime cuando se trata de conducta profesional. In re García Baliñas, 167 D.P.R. 125 (2006); In re Pagán Ayala, 130 D.P.R. 678, 681 (1992).
Anteriormente hemos advertido que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007). Todo abogado tiene la ineludible obligación de responder cortamente a nuestros requerimientos, independiente *761 mente de los méritos de la queja presentada en su contra. In re Rodríguez Bigas, 172 D.P.R. 345 (2007).
Desatender las comunicaciones relacionadas a procedimientos disciplinarios “ ‘tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal’ ”. In re Rodríguez Bigas, supra, pág. 347, citando a In re Ríos Acosta I, 143 D.P.R. 128, 135 (1997).
Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX del Código de Ética Profesional, supra. In re Maldonado Rivera, 147 D.P.R. 380 (1999). Nos parece sorprendente que, luego del esfuerzo que conlleva la carrera de abogacía, se desatiendan las órdenes de este Tribunal a sabiendas que se pone en peligro el título que se ostenta.
II
El licenciado Singleton Batista ha demostrado total desprecio por las órdenes de este Tribunal así como por las del Colegio de Abogados. Su actitud de displicencia para con este Tribunal no le hacen digno de continuar desempeñando el ministerio que ostenta como miembro de la profesión legal. Es evidente, según se desprende de sus acciones, que no tiene interés alguno en continuar ejerciendo la profesión.
Por los fundamentos antes expresados, ordenamos la separación inmediata e indefinida del ejercicio de la abogacía del Lie. Eric B. Singleton Batista, a partir de la notificación de la presente opinión “per curiam”. Le imponemos al licenciado Singleton Batista el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de 30 días, contados a *762 partir de la notificación de esta opinión aper curiam”, el cumplimento de estos deberes.

Se dictará sentencia de conformidad.