per curiam:
La Lie. Maribel Rosario Cartagena fue admitida al ejercicio de la abogacía el 23 de enero de 1998 y al ejercicio del notariado el 21 de mayor de 1998. El 30 de marzo de 2007 la suspendimos del ejercicio del notariado *764 por motivo de unas serias deficiencias en su obra notarial que nos fueron informadas por la Oficina de Inspección de Notarías (ODIN) y su incumplimiento con los requerimientos de este Tribunal para que corrigiera las deficiencias en su obra notarial.
El 14 de septiembre de 2007 recibimos un informe de la ODIN sobre el estado de la obra notarial que le fuera incautada a la licenciada Rosario Cartagena. Se encontraron nuevas deficiencias, entre las que destacaba una deficiencia arancelaria en el Protocolo de 1999 por $8,082.50. El 1 de febrero de 2008 le concedimos un término de 10 días para corregir las deficiencias señaladas por la ODIN y mostrar causa por lacual no debía ser suspendida de la abogacía. Esta resolución fue notificada personalmente a la licenciada Rosario Cartagena el 7 de marzo de 2007. Aún hoy, ésta no ha comparecido ni ha solicitado término para comparecer.
I
El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar para con los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer, incluso el Colegio de Abogados. Máxime cuando se trata de conducta profesional. In re García Baliñas, 167 D.P.R. 125 (2006); In re Pagán Ayala, 130 D.P.R. 678, 681 (1992).
Anteriormente hemos advertido que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007). Todo abogado tiene la ineludible obligación de responder *765 cortamente a nuestros requerimientos, independientemente de los méritos de la queja presentada en su contra. In re Rodríguez Bigas, 172 D.P.R. 345 (2007).
Desatender las comunicaciones relacionadas a procedimientos disciplinarios “ ‘tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal’ ”. In re Rodríguez Bigas, supra, pág. 347, citando a In re Ríos Acosta I, 143 D.P.R. 128, 135 (1997).
Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX del Código de Ética Profesional, supra. In re Maldonado Rivera, 147 D.P.R. 380 (1999). Nos parece sorprendente que, luego del esfuerzo que conlleva la carrera de abogacía, se desatiendan las órdenes de este Tribunal a sabiendas de que se está poniendo en peligro el título que se ostenta.
II
La licenciada Rosario Cartagena ha demostrado total desprecio por las órdenes de este Tribunal. Su actitud de displicencia para con este Tribunal no la hacen digna de continuar desempeñando el ministerio que ostenta como miembro de la profesión legal. Es evidente, según se desprende de sus acciones, que no tiene interés alguno en continuar ejerciendo la profesión.
Por los fundamentos antes expresados, ordenamos la separación inmediata e indefinida del ejercicio de la abogacía de la Lie. Maribel Rosario Cartagena Batista, a partir de la notificación de la presente opinión “per curiam”. Imponemos a la licenciada Rosario Cartagena el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además, deberá certificarnos dentro del término de 30 días, *766 contados a partir de la notificación de esta opinión “per curiam”, el cumplimento de estos deberes.

Se dictará sentencia de conformidad.