

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Héctor Maysonet Cardona | 2009 TSPR 145 <br><br> 176 DPR \_\_\_\_ |

Número del Caso: AB-2008-159

Fecha: 25 de agosto de 2009

Oficina del Procurador General:

Lcda. Leticia Casalduc Rabell

Materia: Conducta Profesional
(Las suspensión será efectiva el 16 de sep    tiembre de 2009, fecha en que se le notificó al abogado de su suspensión inmediata).

Este documento constituye un documento oficial del    Tribunal Supremo que está sujeto a los cambios y correccione   s del proceso de compilación y publicación oficial de las decisio   nes del Tribunal. Su distribución electrónica se hace como    un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

AB-2008-159

Héctor Maysonet Cardona

*PER CURIAM*

San Juan, Puerto Rico, a 25 de agosto de 2009

El licenciado Héctor Maysonet Cardona fue admitido al ejercicio de la abogacía el 1eo de noviembre de 1978 y al ejercicio de la notaría el 7 de febrero de 1979. El 19 de junio de 2008, la Oficina del Procurador General presentó ante nuestra consideración una moción informativa y solicitud de orden, donde nos indicó que el licenciado Maysonet Cardona había ignorado tres requerimientos de dicha Oficina de comparecer para expresarse en torno a una queja presentada en su contra.

Recibida la comunicación del Procurador General, el 20 de agosto de 2008, emitimos una Resolució

concediéndole al licenciado Maysonet Cardona un término de 10 días para que se expresara sobre la moción informativa del Procurador General. Además, le indicamos que, en igual término, debía comparecer ante este Tribunal a expresar las razones por las cuales no debíamos disciplinarlo ante su incumplimiento con los requerimientos de la Oficina del Procurador General. En la Resolución se le advirtió que su incumplimiento con la misma podría conllevar severas sanciones disciplinarias, incluyendo la suspensión del ejercicio de la abogacía. Nuestra Resolución fue notificada personalmente al licenciado Maysonet el 7 de octubre de 2008.

El 25 de septiembre de 2008 el licenciado Maysonet Cardona sometió un documento ante este Tribunal titulado Contestación a requerimientos del Procurador General. Copia de este documento le fue remitido a la Oficina del Procurador General. En este documento el abogado informó que su práctica de la profesión legal se limitó a la notaría desde 1992. Que por razón de enfermedad descontinuó la práctica de la notaría desde inicios de 2008, y que el 9 de septiembre de 2008 solicitó una certificación de colegiado inactivo para propósitos de que se le eximiera de los requisitos de Educación Jurídica continua.

Vista la moción presentada por Maysonet Cardona, el 21 de octubre le ordenamos que en el término de diez días compareciera a la Oficina del Procurador General a contestar sus requerimientos y que dentro del mismo término

nos informara del cumplimiento con la Resolución. Le advertimos al abogado que su incumplimiento podría generar sanciones disciplinarias severas.

El 23 de febrero de 2009, la Oficina del Procurador General compareció ante nosotros a indicarnos que la moción presentada por el licenciado Maysonet Cardona el 25 de septiembre de 2008 no era responsiva a los requerimientos de dicha Oficina quien le había solicitado su versión de los hechos que dieron base a la queja presentada.

El 5 de marzo de 2009, emitimos una nueva Resolución bajo los mismos términos que la anterior. Al día de hoy, el licenciado Maysonet Cardona no ha comparecido ante el Procurador General o este Tribunal en respuesta a las órdenes dictadas; tampoco ha solicitado prórroga para hacerlo.

I

El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar para con los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer, incluyendo la Oficina del Procurador General y el Colegio de Abogados. Máxime cuando de conducta profesional se trata. *In re Moisés García Baliñas*, res 9 de febrero de 2006, 16 D.P.R. ___, 2006 TSPR ___; *In re Pagán Ayala*, 130 D.P.R. 678, 681.

Anteriormente hemos advertido que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re Ríos Rodríguez*, res. 27 de septiembre de 2007, 2007 JTS 182; *In re Lloréns Sar*, res. 5 de febrero de 2007, 2007 JTS 26. Todo abogado tiene la ineludible obligación de responder prontamente a nuestros requerimientos, independientemente de los méritos de la queja presentada en su contra. *In re Rodríguez Bigas*, res. 25 de octubre de 2007, 2007 JTS 207.

Desatender las comunicaciones relacionadas a procedimientos disciplinarios "tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por el Tribunal. *In re Ríos Acosta*, 143 D.P.R. 128, 135 (1997); *In re Rodríguez Bigas, supra*.

Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX. *In re Maldonado Rivera*, 147 D.P.R. 380 (1999). Nos parece sorprendente que, luego del esfuerzo que conlleva la carrera de abogacía, se desatiendan las órdenes de este Tribunal a sabiendas poniendo en peligro el título que se ostenta.

## II

El licenciado Maysonet Cardona ha demostrado total desprecio por las órdenes de este Tribunal así como con las

de la Oficina del Procurador General. Su actitud de displicencia para con este Tribunal no le hace digno de continuar desempeñando el ministerio que ostenta como miembro de la profesión legal. Es evidente, según se desprende se sus acciones, que no tiene interés alguno en continuar ejerciendo la profesión.

Por los fundamentos antes expresados ordenamos la separación inmediata e indefinida del ejercicio de la abogacía del licenciado Héctor Maysonet Cardona, a partir de la notificación de la presente Opinión *Per Curiam*.

Le imponemos al licenciado Maysonet Cardona el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de **treinta (30) días**, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimento de estos deberes.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

AB-2008-159

Héctor Maysonet Cardona

SENTENCIA

San Juan, Puerto Rico, a 25 de agosto de 2009

Por los fundamentos expresados en la Opinión *Per Curiam* que antecede, los cuales se incorporan íntegramente a la presente, ordenamos la separación inmediata e indefinida del ejercicio de la abogacía del licenciado Héctor Maysonet Cardona, a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Le imponemos al licenciado Maysonet Cardona el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de **treinta (30) días**, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimento de estos deberes.

El Alguacil de este Tribunal procederá de inmediato a incautarse de la obra notarial y sello notarial de Héctor Maysonet Cardona, debiendo entregar las mismas a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se ordena a su vez que esta Opinión *Per Curiam* y Sentencia sea notificada personalmente al Lcdo. Héctor Maysonet Cardona por la Oficina del Alguacil de este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                    Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo